## BORO HALL CORPORATION v. GENERAL MOTORS CORPORATION et al.

### No. 94.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1942.

Harry J. McDermott, of Brooklyn, N.Y. (Harry J. McDermott and Frederick S. Martyn, both of Brooklyn, N. Y., of counsel), for plaintiff-appellant.

John Thomas Smith and Albert M. Levert, both of New York City (Albert M. Levert and Gordon H. Brown, both of New

York City, of counsel), for defendants-appellees.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

■ The motion to dismiss the complaint was accompanied by an affidavit which in turn was answered by the plaintiff without raising any material issues of fact. We see no reason why the application should not be treated as one for summary judgment under Section 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. But even if the motion were regarded as made under Section 12(b) of the rules, we have held that affidavits might be employed. Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85, 87. See also Gallup v. Caldwell, 3 Cir., 120 F.2d 90, 92. In either view of the case we think judgment was properly ordered for the defendant.

The first cause of action set forth is to recover treble damages against the defendants under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1-7, 15 note, on the ground that the defendants refused to permit the plaintiff, who had agreed to purchase Chevrolet cars from the General Motors Sales Corporation, to establish a used car outlet, lot or salesroom outside the plaintiff's so-called "Zone of Influence", which the seller had set up in a limited area in the downtown section of Brooklyn, except with the approval of one K. M. Chase, the Regional Manager of Chevrolet. It also alleged that, after the refusal to refrain from interfering with the plaintiff's right to trade in used cars, the latter appealed to the Dealers Relations Board of the defendant, General Motors Corporation, a tribunal created to review administrative decisions by company officials. Finally it alleged that the decision of that Board restrained the trade of the plaintiff by providing that a location for a used car outlet must not be unduly prejudicial to the interest of other dealers. It is to be observed that the uncontradicted affidavit filed on behalf of the defendants negatives the claim that used cars could only be sold by the plaintiff within the "Zone of Influence." Indeed, on May 9, 1940, the defendant Sloan notified the plaintiff that the Board understood that a used car lot located outside the "Zone of Influence" would be agreed upon but that the location should not be unduly prejudicial to the interests of other dealers.

■ The affidavit of Beardslee, in support of defendants' motion, states that the exhibits attached set forth the entire relations of the defendants with the plaintiff in respect to the matters referred to in the complaint. In the papers submitted for the plaintiff it is said that its president Giordano did not deny or contradict the statements contained in the affidavit submitted on behalf of the defendants, nor impugn the authenticity or contents of any of the letters and documents annexed thereto, except as set forth in his affidavit, which however contained no denial of any material matter. We think the effect of the proof is that General Motors Sales Corporation required no more than that the location of a used car depot should be fixed by agreement at such a place as would not unduly prejudice other dealers who did business with the seller. We do not regard this as an unreasonable interference with competition or an unfair arrangement between the plaintiff and General Motors Sales Corporation. The latter had the right under its contract to discontinue dealings with the plaintiff on 30 days' notice. Under such circumstances we can see no reason why it should not be allowed to fix a location for the sale of used cars at a place that did not unduly affect other dealers.

There was no proof that the General Motors Sales Corporation required a location for the sale of used cars that was unfair to the plaintiff, or indeed that it imposed any actual restriction on the sale of such cars. Chase, the Regional Manager, was not shown to have made any unreasonable demands. Accordingly the first cause of action was properly dismissed.

■ It is argued that the plaintiff should have leave to amend by alleging that restrictions in the sale of used cars so affected sales of Chevrolet cars shipped in interstate commerce that they were an undue burden thereon. We regard the record as showing no such burden and hold that leave to amend was properly denied.

■ The second cause of action is based on an alleged restriction of the trade of "the plaintiff and others in the business of servicing and selling supplies for automobiles." These acts were plainly intra-state and did not affect interstate commerce.

The second cause of action was therefore rightly dismissed. There is no allegation or proof that there was an interference or restriction of interstate commerce.

■ It is reasonably clear from the correspondence of the parties that the disputes between them arose from the fact that the plaintiff was unsatisfactory to the defendants as a dealer and had to some extent to be supplanted by other dealers if the General Motors Sales Corporation was to be able properly to dispose of its product. The record establishes that the plaintiff was not restricted to sales within its "Zone of Influence," that it only had a non-exclusive sales contract and had been assigned a territory consisting of the entire State of New York and a part of New Jersey for its operations. To restrict sales of Chevrolet cars to a dealer who would confine its headquarters for dealings in new and used cars and in servicing and selling supplies to some extent is surely reasonable and quite unlike a case where a dealer is prevented from financing its sales except through an agency of the seller as in United States v. General Motors Corporation, 7 Cir., 121 F.2d 376.

Judgment affirmed.

FRANK, Circuit Judge (dissenting in part).

I concur as to the second cause of action. I cannot agree as to the first cause of action:

The record facts plus judicial notice make it clear that the sale of used cars is indispensable to the business in new cars, the latter admittedly being in interstate commerce. An allegation that the impediment to the sales of used cars burdened the new car business is implicit in the complaint;[1] if a further allegation is necessary to make that fact explicit, plaintiff should be allowed to amend accordingly. The defendants cannot use the power (reserved in the contract) to cancel the contract in such a way as to accomplish an unlawful purpose, i. e., violation of the Sherman Act. And any important restriction on the place of sale of unused cars is, I think, prima facie so unreasonable as to violate the Sherman Act. On the other hand, a restriction of the place of sale of unused cars so as not unduly to prejudice other dealers might be reasonable; but the record facts are not sufficient to show that such is the case here. We should, I think, reverse in order to permit the plaintiff to amend if he so desires, by inserting more explicit allegations as to the burden on interstate commerce and (if it be true) that he intended to sell the used cars outside his "zone of influence" without the use of the name "Chevrolet." The defendants then, at a trial, or by a motion accompanied by affidavits setting forth the facts more in detail, can raise the issue as to the reasonableness of their proposed restriction on the place of sale of used cars. If no adequate showing is made by the defendants on that issue, then I think the plaintiff should win, on the basis of the reasoning in United States v. General Motors Corp., 7 Cir., 121 F.2d 376. Cf. Local 167 v. United States, 291 U.S. 293, 54 S. Ct. 396, 78 L.Ed. 804; Houston, E. & W. Texas Ry. v. United States, 234 U.S. 342, 34 S.Ct. 833, 58 L.Ed. 1341; Illinois Natural Gas Co. v. Central Illinois Public Service Commission, January 5, 1942, 62 S.Ct. 384, 86 L.Ed. ——.

---

[1] Paragraph 34 of the complaint reads: "That by reason of the conspiracy of the defendant and each of them to restrain trade in used cars, the plaintiff has been damaged in that it was unable to liquidate its used cars; that its inability to liquidate its used cars prevented it from buying new Chevrolet automobiles and made it impossible for it to accept orders for new automobiles which it might otherwise have obtained; that its investments in buildings, alterations, leases and equipment were depreciated in value; and that it was injured in its business and property."