**R–K DISTRIBUTING COMPANY, By
Howard Hardaway, Shareholder,
Appellant,**

v.

**F. J. RAIBLE et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 31, 1958.

Norris McPherson, Louisville, for appellant.

Carl K. Helman, L. Frank Withers, Louisville, for appellees.

MILLIKEN, Judge.

This is an appeal from an order of the Jefferson Circuit Court which dismissed the complaint of the R-K Distributing Company, a corporation, brought by one Hardaway, a shareholder, against the appellees, directors of the corporation, to impress a trust upon certain real estate occupied by the corporation and to have legal title transferred to the corporation.

In contemplation of the formation of the corporation, E. J. Raible and R. B. Knollenberg bought a lot and constructed a building thereon for the use of the corporation. They financed the purchase and construction with their personal funds and credit. At the time of the purchase of the lot, title was taken in the names of Raible and Knollenberg and the latter, for reasons not appearing in the record, has declared in his answer to the complaint that he holds the title as trustee for the corporation and is willing to convey it to the corporation. The building and additions thereto were rented to the corporation on a monthly basis and the rent used to defray taxes, insurance and payment of the mortgage

on the property. The cash capital used by Raible and Knollenberg has been repaid them from rentals. On their respective income tax returns the corporation charged off its rental payments as expense while Raible and Knollenberg listed the rents received as personal income.

 Although Raible and Knollenberg were and are directors of the corporation, we find no breach of their fiduciary relationship to the corporation in the way the purchase of the property was accomplished and the improvements financed. Nor can we find that they interfered with any business opportunity which rightly belonged to the corporation of which they are directors. The corporation is not bound by a written lease to continue its rental of the premises; it may leave and rent other properties. In opposing efforts to divest him of his joint title to the real estate, Raible is not depriving the corporation of anything it had to start with, but is merely protecting his interests. 13 Am.Jur., Corporations, Section 116. Raible did not violate KRS 381.170 when he took a share of the title in his own name, for the corporation was not in existence at the time, and hence no trust results under the statute for the benefit of the corporation. Furthermore, no facts are pleaded or established which would create a constructive trust of the property.

From a procedural standpoint we think the chancellor was justified in considering Raible's affidavit offered to support his motion to dismiss the complaint for failure to state a cause of action. Samara v. United States, 2 Cir., 129 F.2d 594, certiorari denied 317 U.S. 686, 63 S.Ct. 258, 87 L.Ed. 549; Boro Hall Corporation v. General Motors Corporation, 2 Cir., 124 F.2d 822, certiorari denied 317 U.S. 695, 63 S.Ct. 436, 87 L.Ed. 556; Carroll v. Morrison Hotel Corporation, 7 Cir., 149 F.2d 404; National War Labor Board v. Montgomery Ward & Company, 79 U.S.App.D.C. 200, 144 F.2d 528; Gallup v. Caldwell, 3 Cir., 120 F.2d 90. Of course, affidavits filed in

support of the motion cannot be used to determine well pleaded facts, but rather to show that no genuine issue of fact exists. The affidavit of Raible did not controvert the facts pleaded, but rather explained the circumstances referred to in the complaint and sought to show that the complaint did not state a claim which would entitle the corporation to relief. It appears that the trial court properly considered the affidavits in ruling on Raible's motion to dismiss, and such procedure is authorized by CR 12.02.

The judgment is affirmed.