22981

Jimmy Lee GUNTER, Petitioner v. STATE of South Carolina, Respondent.

(378 S. E. (2d) 443)

Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III, of S. C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Assistant Attorney General Frank L. Valenta, Jr.,* Columbia, *for respondent.*

Submitted Jan. 31, 1989.

Decided March 6, 1989.

*Per Curiam:*

Petitioner was convicted of voluntary manslaughter and was sentenced to imprisonment for thirteen (13) years. He now seeks a writ of certiorari to review the denial of his application for post-conviction relief (PCR). We grant certiorari, dispense with further briefing, and affirm.

Petitioner alleges that the application of three statutes to him violates the ex post facto clauses of the United States and South Carolina Constitutions.[1] First, petitioner challenges S. C. Code Ann. § 24-21-645 (Supp. 1987), which permits him to be reconsidered for parole only on a biannual basis. Under the statutory scheme in effect when petitioner committed the crime, he was eligible for reconsideration for parole every twelve (12) months. *See* S. C. Code Ann. § 24-21-620 (Supp. 1987). In 1986, § 24-21-645 was amended to provide that persons convicted of violent crimes, defined in § 16-1-60 to include voluntary manslaughter, will be reconsidered for parole every two years.

On this issue we find persuasive the holding of the California Supreme Court in *In re Jackson,* 39 Cal. (3d) 464, 703 P. (2d) 100, 216 Cal. Rptr. 760 (1985). There the Court held that a statutory amendment prolonging the time before reconsideration for parole was a procedural change outside the purview of the ex post facto clause. *Cf. Weaver v. Graham,* 450 U. S. 24, 101 S. Ct. 960, 67 L. Ed. (2d) 17 (1981) (generally ex post facto clause does not apply to procedural changes). The Court reasoned that the amendment did not alter the criteria by which parole suitability is determined, but rather changed only the frequency with which an inmate was given to demonstrate parole suitability.

By the same token, the standards governing petitioner's parole eligibility have not been changed. Instead, only the frequency with which petitioner can be reconsidered for

---

[1] *See* U. S. Const. art. I, § 10; S. C. Const. art. I, § 4.

parole has been altered. We find no ex post facto violation in the application of the questioned statute to petitioner.

Second, petitioner challenges S. C. Code Ann. § 24-13-650 (Supp. 1987), which prohibits any person convicted of a violent offense from being released under the work release program in the community where the crime was committed. It must be noted initially that we have found nothing in the statutes indicating that petitioner had a pre-existing right to be considered for work release in the community where the offense was committed. Therefore, it seems doubtful whether petitioner has made out a legitimate ex post facto claim.

Even assuming petitioner had previously been eligible for work release in the community where the offense was committed, we find no ex post facto violation in petitioner being denied this possibility under § 24-13-650. The Board of Corrections has discretion whether to allow an inmate even to participate in a work release program. *See* S. C. Code Ann. § 24-3-20 (1976). Therefore, participation in a work release program is a privilege, giving rise to no vested rights cognizable under the ex post facto doctrine. *People v. Miller,* 79 A. D. (2d) 687, 434 N. Y. S. (2d) 36 (1980).

Further, in *Morris v. Meacham,* 718 P. (2d) 1354 (Okla. 1986), the Oklahoma Supreme Court upheld the retroactive application of a statutory amendment rendering the inmate ineligible for assignment to a work release program. The Court said that modes of procedure, such as a security classification, do not affect matters of sufficient substance to invoke the prohibition against ex post facto laws. *Cf. Mellinger v. Idaho Dep't of Corrections,* 114 Idaho 494, 757 P. (2d) 1213 (Ct. App. 1988) (upholding implementation of stricter conditions of release).

In the present case, § 24-13-650 does not deny petitioner consideration or even require him to face tougher criteria for the work release program. Rather, he is merely foreclosed from being released into the commuty in which he committed the crime. We find no ex post facto violation in applying this statute to petitioner.

Petitioner's remaining argument concerns supervised furloughs. As S. C. Code Ann. § 24-13-710 (Supp. 1987) read at the time the offense was committed, peti-

tioner was at least theoretically capable of satisfying the criteria for obtaining a furlough. However, since that time the statute has been amended to include, among other things, requirements that the inmate be neither sentenced to more than five years nor convicted of a violent offense. Because petitioner received a sentence of thirteen (13) years for a violent offense, he is now foreclosed from being considered for a furlough.

In *Milhouse v. Levi*, 548 F. (2d) 357 (D. C. Cir. 1976), the Court held that regulations adversely affecting an inmate's eligibility for furloughs are not subject to the constitutional prohibition against ex post facto laws. The Court distinguished furlough programs from parole, describing furlough programs as internal rehabilitation procedures that are not an integral part of the sentencing process.

We agree that the furlough program is not part of the sentencing process. As stated in *Anders v. South Carolina Parole & Community Corrections Bd.*, 279 S. C. 206, 305 S. E. (2d) 229 (1983), the purpose behind the enactment of § 24-13-710 was to help alleviate prison overcrowding. The purpose was not to confer substantial rights upon certain members of the prison population. We therefore hold that the application of § 24-13-710, as amended, to petitioner does not amount to an ex post facto violation.

For the foregoing reasons, the denial of post-conviction relief is

Affirmed.