907 F.2d 1137
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Gary BLACKBURN, and Others Similary Situated,
Plaintiff-Appellant,
v.
Michael J. CAVANAUGH, in his individual and official
capacity as Executive Director of the South Carolina Board
of Probation, Parole and Pardon Services; South Carolina
Board of Probation, Parole and Pardon Services, Defendants-Appellees.
 No. 89-7796.
 United States Court of Appeals, Fourth Circuit.
 Argued April 4, 1990.
Decided June 6, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Karen L. Henderson, District Judge. (CA-89-1649)
 William Gary White, III, McMillan, White & Meding, Columbia, S.C., for appellant.
 Carl Norman Lundberg, Chief Legal Counsel, Department of Probation, Parole and Pardon, John Gregg McMaster, Jr., Columbia, S.C., for appellees.
 D.S.C.
 AFFIRMED.
 Before WIDENER, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Gary Blackburn appeals the district court's dismissal under Fed.R.Civ.P. 12(b)(6) of Blackburn's civil rights claim brought under 42 U.S.C. Sec. 1983. Blackburn, a South Carolina prisoner, challenges the constitutionality of S.C.Code Ann. Sec. 24-21-645 (1976) providing for biannual parole eligibility review for prisoners confined for violent crimes. Blackburn alleges that, as applied to him, the statute violates the ex post facto clause of the United States Constitution. Because the undisputed record evidence shows that bi-annual parole reviews were the rule when Blackburn entered prison, we affirm the district court, albeit on different reasoning, and reach neither the state's immunity defense nor its contention that this action should have been brought under 28 U.S.C. Sec. 2254.
 
 
 2
 * On January 22, 1977, Blackburn was convicted as an accessory before the fact to murder and sentenced to life imprisonment. When Blackburn was convicted, the applicable parole statute made no mention of the time period between parole reviews. Although the statute did not mention how frequently parole hearings were to be conducted, Blackburn contends that such hearings were customarily conducted annually. In 1981, the legislature enacted S.C.Code Secs. 24-21-645 and 650 which set the period between parole hearings at twelve months. In 1986, the South Carolina legislature enacted Sec. 16-1-60, listing accessory before the fact to murder as a violent crime, and also enacted Sec. 24-21-645, which mandated a two-year period between parole review hearings for those convicted of violent crimes. Gunter v. State, 378 S.E.2d 443 (S.C.1989), upheld the constitutionality of a retroactive application of Sec. 24-21-645. Blackburn filed this action in federal district court* alleging that the decreased frequency of parole hearings violated the ex post facto clause.
 
 
 3
 In response to Blackburn's Fed.R.Civ.P. 65(a) motion to preliminarily enjoin retroactive application of the statute increasing to two years the frequency of parole hearings, the State of South Carolina moved under Fed.R.Civ.P. 12(b)(6) to dismiss Blackburn's claim. In support of its Rule 12(b)(6) motion, South Carolina submitted the affidavit of Grady A. Wallace, the Commissioner of Probation and Parole for the South Carolina Department of Probation, Parole, and Pardon Services. In his affidavit, Wallace stated that, "in 1977, inmates serving a life sentence for Accessory Before the Fact to Murder, who were rejected for parole, were scheduled for a subsequent parole hearing 24 months [later]." J.A. at 14. Although Blackburn asserts conclusorily that in 1977 parole hearings for such inmates were conducted annually, Blackburn offers no evidence, not even his own affidavit, to support this bald assertion, or to negate the Wallace affidavit's contrary statement.
 
 II
 
 4
 Two elements must exist for a law to fall within the ex post facto prohibition: (1) the law must be retrospective, and (2) the law must disadvantage the offender affected by it. See Evans v. Thompson, No. 88-4007, slip op. at 5 (4th Cir. Aug. 2, 1989). The critical ex post facto inquiry is whether the law permissibly changes modes of procedure which do not affect matters of substance, or instead impermissibly impacts substantial personal rights.
 
 
 5
 Although the district court noted the existence of the unrebutted Wallace affidavit to the effect that a two-year redetermination period was in effect when Blackburn was convicted, the court dismissed Blackburn's claim under Fed.R.Civ.P. 12(b)(6) because, even taking the allegations of Blackburn's complaint as true, "the change in the parole redetermination period is procedural only and does not increase the plaintiff's punishment" such as to violate the ex post facto clause. J.A. at 33. Because there is no record evidence rebutting the Wallace affidavit, the district court need not have reached, and we do not now reach, the possibly difficult constitutional issue whether an increase from a one- to a two-year parole redetermination period is "procedural only" so as not to violate the ex post facto clause.
 
 
 6
 Under Fed.R.Civ.P. 12(b), if matters outside the pleadings are presented to the court, a motion to dismiss for failure to state a claim "shall be treated as one for summary judgment and disposed of as provided in Rule 56.... [A]ll parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed.R.Civ.P. 12(b). When a party is aware that material outside the pleadings is before the court, that party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment. See Gay v. Wall, 761 F.2d 175, 177 (4th Cir.1985). The party opposing such a motion must be given the right to file counter-affidavits or to pursue reasonable discovery. See id.
 
 
 7
 Here, the district court considered the Wallace affidavit during the hearing on Blackburn's motion for preliminary injunction. J.A. at 28. Blackburn there admitted that he had at the time no reason to doubt the Wallace affidavit, but requested, and was granted, one week within which to respond. J.A. at 30. Blackburn therefore knew that material outside the pleadings was before the court, and was consequently on notice that the motion to dismiss could be treated as one for summary judgment. There is no evidence of any such response. Indeed, even at oral argument before this court, Blackburn could point to no evidence tending to raise a genuine issue concerning the time period between parole hearings when he was convicted. It is axiomatic that a party opposing summary judgment may not rest upon mere allegations or denials contained in his pleadings, but must instead set forth specific facts showing a genuine issue for trial. See Fed.R.Civ.P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
 
 
 8
 Where the district court, in entering an order of dismissal, has considered uncontroverted affidavits, the appellate court may properly treat the dismissal as a Fed.R.Civ.P. 56 summary judgment. See Boone v. Mechanical Specialties, Inc., 609 F.2d 956, 958 (9th Cir.1979); Boro Hall Corp. v. General Motors Corp., 124 F.2d 822, 823 (2d Cir.1942). Because we find undisputed record evidence showing a two-year time period between parole hearings when Blackburn was convicted, we find that S.C.Code Ann. Sec. 24-21-650 providing for bi-annual parole eligibility changed nothing affecting his situation at the critical time, hence did not violate the ex post facto clause as applied to him. Accordingly, we affirm under Fed.R.Civ.P. 56 the district court's dismissal of Blackburn's Sec. 1983 claim against the defendants.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Although Blackburn brought this action on behalf of himself and others similarly situated, there is no evidence that he ever attempted to have it qualified as a class action