In re Robert K. MARCECA, Debtor.

Jonathan SHANE, Plaintiff,

v.

Robert K. MARCECA, Defendant.

Bankruptcy No. 90 B 20782.
91 ADV 6025A.

United States Bankruptcy Court,
S.D. New York.

May 28, 1991.

Haythe & Curley, New York City, for debtor/defendant.

Office of Robert V. Ferrari, New York City, for plaintiff.

## DECISION ON MOTION TO DISMISS ADVERSARY PROCEEDING

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The defendant, Robert K. Marceca ("Marceca"), seeks to dismiss, pursuant to Fed.R.Civ.P 12(b)(6) and 9(b) and Bankruptcy Rules 7012 and 7009, an adversary proceeding filed on February 8, 1991 (the "Adversary Proceeding") by the plaintiff, Jonathan Shane ("Shane"). Marceca alleges that the complaint fails to state a claim upon which relief may be granted, fails to plead fraud with particularity as mandated by Fed.R.Civ.P. 9 and attempts to procure a money judgment on a pre-petition claim in violation of 11 U.S.C. § 362(a)(1). The plaintiff maintains that his complaint was not filed in violation of the automatic stay provisions set forth in 11 U.S.C. § 362. Rather, the plaintiff asserts that the complaint seeks a determination that his claim is nondischargeable in accordance with 11 U.S.C. § 523(a)(2) and as provided in Bankruptcy Rule 7001. Furthermore, the plaintiff claims that the particular facts surrounding the alleged fraud are within the defendant's exclusive knowledge.

### FINDINGS OF FACT

1. The debtor filed his Chapter 7 petition on August 14, 1990.

2. On or about February 8, 1991, Shane commenced this Adversary Proceeding by filing a complaint which seeks judgment against the debtor in the sum of $110,000 (the "Complaint").

3. The plaintiff alleges that he is owed $110,000, plus interest at the rate of $4,800 per annum, based upon a promissory note (the "Promissory Note") executed by Marceca on behalf of 326 East 58th Associ-

ates and personally guaranteed by Marceca (the "$110,000 loan"). In addition, the plaintiff alleges that he is owed $110,000, plus interest, based upon a consolidated mortgage from London Interstate Bank executed, on or about December 30, 1987, by Marceca on behalf of 326 East 58th Associates, in the amount of $3,276,916.65 (the "London Interstate Bank mortgage"), of which a portion of the funds were allegedly transferred to the defendant without consideration.

4. The Complaint states that "upon information and belief" the defendant fraudulently induced the plaintiff to make the $110,000 loan and fraudulently induced him to extend the term of the loan to July 29, 1988. In addition, the plaintiff maintains that "upon information and belief" the defendant had no intention of paying the $110,000 loan when it became due.

5. The plaintiff also maintains that "upon information and belief" a portion of the proceeds of the London Interstate Bank mortgage were transferred to the defendant without fair consideration and for the purpose and with the intent of defrauding the creditors and hindering and delaying the collection of the note.

6. The Complaint fails to set forth any rule or statutory basis upon which the complaint is predicated.

7. On April 2, 1991, the defendant filed a Motion to Dismiss Adversary Proceeding (the "Motion to Dismiss") which seeks to dismiss this Adversary Proceeding pursuant to Bankruptcy Rules 7012 and 7009 and Fed.R.Civ.P. 12(b)(6) and 9(b) for failure to state a claim upon which relief can be granted and failure to plead fraud with particularity.

8. The defendant contends that a prerequisite to his liability based on a personal guarantee on the $110,000 promissory note executed by him on behalf of the partnership of 523 East 58th Associates is a showing that there was a written guarantee executed by him. Although there is a conclusion in the complaint that Marceca personally guaranteed the note, there is no indication of whether there is a written guarantee.

9. Furthermore, the defendant alleges that the plaintiff is seeking a money judgment for a pre-petition debt which must be done by filing a proof of claim, not by instituting an adversary proceeding.

10. Finally, the defendant submits that the plaintiff's complaint should be dismissed for failing to plead fraud with specificity as mandated by Fed.R.Civ.P. 9(b).

11. On May 14, 1991, the plaintiff filed an affirmation in response to the defendant's Motion to Dismiss (the "Affirmation") in which his attorney alleges that the Adversary Proceeding was filed in order to obtain an exception to discharge pursuant to 11 U.S.C. § 523(a)(2).

12. In addition, the plaintiff maintains that the Promissory Note contains a paragraph which forms the basis for his claim of Marceca's personal liability.

13. Finally, the plaintiff asserts that the facts surrounding the alleged fraud are within Marceca's exclusive knowledge.

### DISCUSSION

*Failure to State a Claim*

■ In ruling on the defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(6), made applicable to this adversary proceeding by Bankruptcy Rule 7012(b), this court will not consider matters outside the complaint, such as the plaintiff's Affirmation. As provided in Fed.R.Civ.P. 12(b), if

> "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Both parties have not been given an opportunity to present affidavits and extraneous proofs in accordance with Fed.R.Civ.P. 56. Therefore, it would be improper for this court to convert this motion to one for summary judgment or to consider any matters outside the plaintiff's complaint. However, the Second Circuit has ruled that in the interest of prompt disposition of an

action, when there has been an introduction of extraneous pleadings which reveal that there is no genuine issue as to any material fact and that on the undisputed facts, as disclosed by the affidavits or depositions, one party is entitled to judgment as a matter of law, it is proper for a court to treat the motion as one for summary judgment and dispose of the motion accordingly. *See, Samara v. United States*, 129 F.2d 594 (2d Cir.1942), *cert. denied*, 317 U.S. 686, 63 S.Ct. 258, 87 L.Ed. 549; *Boro Hall Corp. v. General Motors Corp.*, 124 F.2d 822 (2d Cir.1942), *cert. denied*, 317 U.S. 695, 63 S.Ct. 436, 87 L.Ed. 556 (1942).

The defendant alleges that the plaintiff improperly instituted this adversary proceeding to recover on a pre-petition claim because such proceedings are stayed by 11 U.S.C. § 362(a)(1).[1] However, as this court recently observed, 11 U.S.C. § 362 does not operate to stay actions against the debtor brought in the bankruptcy court where the debtor's case is pending. *J.T. Moran Financial Corp. v. American Consolidated Financial Corp. (In re J.T. Moran Financial Corp.)*, 124 B.R. 931, 21 B.C.D. 330, 334 (Bankr.S.D.N.Y.1991); *In re Atreus Enterprises, Ltd.*, 120 B.R. 341, 345 (Bankr.S.D.N.Y.1990). Although the plaintiff, in his Complaint, did not specify which of the ten categories of adversary proceedings he was instituting, he did set forth Bankruptcy Rule 7001 as one of the grounds for this court's jurisdiction.[2] Furthermore, Bankruptcy Rule 7001(1) provides that an adversary proceeding is one to "recover money or property."

A pleading should only be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In addition, Fed.R.Civ.P. 8(a) requires only a "short and plain statement" of the claims for relief. *Ross v. A.H. Robins Co., Inc.*, 607 F.2d 545, 557 n. 20 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1298 (1969 & Supp.1989).

The plaintiff alleges that based on the defendant's fraudulent inducement in obtaining the $110,000 loan and the subsequent extension of the term of the loan, the plaintiff should be awarded judgment against the defendant in the sum of $110,-000 with interest from August 1, 1989. The plaintiff further alleges that the defendant conveyed a portion of the $3,276,-916.65 proceeds of a consolidated mortgage executed between 326 East 58th Associates and the London Interstate Bank Limited on December 30, 1989. The plaintiff alleges that the transfer of the proceeds was done with the intent of defrauding creditors and the plaintiff and for the purpose of hindering and delaying collection on the $3,276,-916.65 note, thereby rendering the defendant personally liable to the plaintiff for the sum of $110,000 with interest from August 1, 1989.

The plaintiff does not base his Complaint upon the defendant's liability as a general partner of 326 East 58th Associates. It appears that the plaintiff's cause of action is one for common law fraud. Recognizing that Fed.R.Civ.P. 8(a) requires only a "short and plain statement" of a claim for relief, this court will deny the defendant's motion for dismissal under Fed.R.Civ.P. 12(b)(6), provided the plaintiff has pled his cause of action for common law fraud with

---

1. Section 362(a)(1) provides as follows:
   (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78 eee(a)(3)), operates as a stay, applicable to all entities, of—
      (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

2. However, the plaintiff failed to state, in his complaint, whether the proceeding is core or non-core as mandated by Bankruptcy Rule 7008(a).

enough specificity to meet the requirements of Fed.R.Civ.P. 9(b).

*Pleading Fraud With Particularity*

■ As provided in Fed.R.Civ.P. 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." The complaint must allege the time, place, speaker, and sometimes even the content of any alleged misrepresentations. *Quaknine v. MacFarlane*, 897 F.2d 75, 79 (2d Cir.1990), *citing, DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987); *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir.1986); *Denny v. Barber*, 576 F.2d 465, 469 (2d Cir.1978). Furthermore, even though "Rule 9(b) permits knowledge to be averred generally, plaintiffs must still plead the events which they claim give rise to an inference of knowledge." *Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir.1987), *citing, Goldman v. Belden*, 754 F.2d 1059, 1070 (2d Cir.1985); *Ross v. A.H. Robins Co.*, 607 F.2d 545, 558 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980).

■ Although the Complaint fails to set forth any statute or code section upon which the plaintiff bases its cause of action,[3] he asserts in his response to this motion that the cause of action is predicated upon 11 U.S.C. § 523(a)(2).[4] However, he does not seek a determination of dischargeability of the $110,000 debt. Rather, the complaint seeks a finding of personal liability of the debtor to the plaintiff and a "judgment against the Debtor in the sum of $110,000 with interest from August 1, 1989." Assuming *arguendo* that the plaintiff had set forth 11 U.S.C. § 523(a)(2) as the basis for his complaint, the plaintiff still fails to plead the necessary elements with specificity to establish fraud under that code section. Namely, that the debt was obtained by the use of a statement in writing (1) that was materially false; (2) respecting the debtor's or an insider's financial condition; (3) on which the creditor to whom the debtor is liable for obtaining money, property, services, or credit reasonably relied; and (4) that the debtor caused to be made or published with the intent to deceive.

■ Turning to the issue of common law fraud, the plaintiff fails to set forth with particularity the circumstances constituting the defendant's alleged fraudulent inducements in obtaining the $110,000 loan. At a minimum, the plaintiff must state the circumstances surrounding the defendant's alleged fraud, including the time, place and content of any alleged misrepresentation on the part of the defendant.

■ This court recognizes that in accordance with Fed.R.Civ.P. 15(a), leave to amend "shall be freely given when justice so requires". However, because the totality of the deficiencies in the complaint are so vast, the defendant's motion for dismissal of the complaint is granted. Justice requires that the defendant be served with a complaint which states the particular statute or code section relied upon by the plaintiff and a set of facts which provide the defendant with enough information to

---

**3.** Rule 13(e) of the Local Rules for the United States Bankruptcy Court, Southern District of New York, provides that "[a]ny motion that is based on rules or statutes, whether brought on by notice of motion or order to show cause, shall specify the rules or statutes on which it is predicated. If such specification has not been made, the court may strike the motion from the calendar."

**4.** 11 U.S.C. § 523(a)(2) provides as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

formulate and file an answer. In addition, if the plaintiff is predicating his cause of action upon fraud, he must do so with specificity in accordance with Fed.R.Civ.P. 9(b).

### CONCLUSIONS OF LAW

1. This court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The defendant's motion to dismiss for failure to plead fraud with particularity, in accordance with Fed.R.Civ.P. 9(b) is granted.