23909

Roger D. GRIFFIN, Respondent v. STATE of South Carolina, Petitioner.

(433 S.E. (2d) 862)

Supreme Court

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Joseph D. Shine* and *Asst. Attys. Gen. Delbert H. Singleton, Jr.* and *Lisa Godwin Jefferson,* Columbia, *for petitioner.*

*Asst. Appellate Defender Robert M. Pachak,* of *S.C. office of Appellate Defense,* Columbia, *for respondent.*

Submitted Apr. 20, 1993; Decided July 19, 1993.

Reh. Den. Aug. 17, 1993.

Toal, Justice:

The State appeals from an order granting Respondent's application for postconviction relief. We affirm.

## FACTS

The Respondent, Griffin, was indicted for murder in April 1984. On May 21, 1984, Griffin appeared before the court and entered a plea of guilty to voluntary manslaughter. Prior to the acceptance of the plea, the trial judge conducted a lengthy colloquy to determine the voluntariness of the plea. At the conclusion of the judge's questioning, the plea was accepted and Griffin was sentenced to thirty years imprisonment. Griffin did not appeal his guilty plea or sentence.

On July 1, 1991, Griffin filed an Application for Post-Conviction Relief. In his application, Griffin alleged, inter alia, that the State's application of the Omnibus Crime Bill, specifically

the change from an annual review for parole eligibility to a biannual review, violated the *ex post facto* clause of the South Carolina and United States Constitutions. The PCR judge found that Griffin relied upon the annual review for parole eligibility in his decision to plead guilty, and that Griffin's constitutional rights under the *ex post facto* clause were violated. We granted the State's petition for certiorari to review the PCR court's order.

## LAW/ANALYSIS

The State raises two issues on appeal. The first and pivotal issue is whether the PCR judge erred in ruling that Griffin suffered a violation of the *ex post facto* clause. The second issue is whether the PCR judge erred in finding that Griffin's plea of guilty to voluntary manslaughter was not knowingly, voluntarily, and intelligently entered.

We addressed this first issue in *Gunter v. State*, 298 S.C. 113, 378 S.E. (2d) 443 (1989). In *Gunter*, the applicant for postconviction relief raised an *ex post facto* challenge to the change in parole eligibility review. *Id.* After examining the question, we held that:

> the standards governing petitioner's parole eligibility have not . . . changed. Instead, only the frequency with which petitioner can be reconsidered for parole has been altered. We find no ex post facto violation in the application of the questioned statute to petitioner.

*Id.* at 115-16, 378 S.E. (2d) at 444.

The PCR court distinguished *Gunter* on the grounds that Griffin had pled guilty and that Gunter was convicted at trial. This is not completely correct. While it is true Gunter was tried, convicted, and sentenced to thirty years for voluntary manslaughter, we reversed the conviction in *State v. Gunter*, 286 S.C. 556, 335 S.E. (2d) 542 (1985). On remand, Gunter pled guilty to voluntary manslaughter and received a thirteen-year sentence. Our PCR holding in *Gunter v. State*, 298 S.C. 113, 378 S.E. (2d) 443 (1989), was rendered while Gunter was serving the thirteen-year sentence as a result of his plea of guilty.

Since *Gunter*, we have held that "[t]he *ex post facto* clause protects against retroactive legislative provisions which are disadvantageous to the offender. A mere procedural change in

law, not increasing punishment or changing elements of the offense, does not result in an *ex post facto* violation." *Elmore v. State,* 305 S.C. 456, 459, 409 S.E. (2d) 397, 399 (1991); *see also Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed. (2d) 351 (1987).

Respondent cites the recent Fourth Circuit decision in *Roller v. Cavanaugh,* 984 F. (2d) 120 (1993). In *Roller,* the Fourth Circuit Court of Appeals disregarded our decision in *Gunter,* and held that the statutory amendment for review of parole eligibility was a violation of the *ex post facto* clause. The Fourth Circuit relied on *Akins v. Snow,* 922 F. (2d) 1558 (11th Cir. 1991), which found an *ex post facto* violation in a Georgia statute that decreased the frequency of parole hearings from once a year to once every eight years. Obviously the Georgia statute was an example of how a procedural change could be expanded to have a substantive effect.

The Fourth Circuit's analysis is compelling. It is difficult to determine where the difference lies between a review once every two years and once every eight years. This gray area tortures the *ex post facto* analysis between a change in the standards for review and a procedural change in timing. The *Akins* court was faced with a statute that provided for a procedural change which effectively changed the standards for parole. We must now acknowledge that where a procedural rule is so overly intrusive that it substantively effects the review standard, it then becomes an *ex post facto* violation. In adopting the Fourth Circuit's holding in *Roller,* we overrule our holding in *Gunter,* 298 S.C. 113, 378 S.E. (2d) 443.

In light of our holding today, we need not reach the second issue. Accordingly, for the reasons stated, the decision of the PCR court is AFFIRMED.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.