485 S.E.2d 374

**Thomas D. CROOKS, Jr., Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 24615.

Supreme Court of South Carolina.

Heard March 19, 1997.

Decided May 12, 1997.

---

Charles Molony Condon, Attorney General, John W. McIntosh, Deputy Attorney General, Teresa A. Knox, Assistant Deputy Attorney General, and Matthew M. McGuire, Assistant Attorney General, Columbia, for petitioner.

Dwight F. Drake, Jeffrey A. Jacobs and Theodore D. Riley, of Nelson, Mullins, Riley & Scarborough, L.L.P., Columbia, for respondent.

WALLER, Justice.

The State has appealed an order granting postconviction relief to Respondent Crooks. We affirm in part and reverse in part.

## FACTS

On May 10, 1991, Respondent Crooks pled guilty to three counts of unlawful use of telephone. He was sentenced to ten years, suspended to five years with three years probation. He was incarcerated until February 24, 1993, when he was released on supervised furlough.

On April 7, 1993, Respondent was served with two arrest warrants: one for violation of his supervised furlough and one for unlawful use of telephone ("April 7 warrant"). On this date Respondent was taken back into custody and was subsequently returned to the Department of Corrections to complete his original sentence. He completed this sentence on June 3, 1993.

The arrest warrant for unlawful use of telephone served on April 7, 1993 was still outstanding. Consequently, on June 3, 1993 Respondent was taken back into custody. On July 7, 1993, while in custody awaiting disposition of this outstanding charge, Respondent was served with another arrest warrant for unlawful use of telephone ("July 7 warrant"). Respondent pled guilty to these two remaining charges on January 31, 1994. He received a sentence of ten years, suspended to six years with three years probation. Respondent was given credit for time served on both charges beginning July 7, 1993.

Respondent did not appeal his convictions. On March 30, 1994, he filed an application for post-conviction relief. After an evidentiary hearing held September 6, 1995, the PCR judge granted post-conviction relief, finding Respondent did not receive enough credit for time served. The judge ordered Respondent be given additional credit for time served on both charges for the period between April 7, 1993 and July 7, 1993.

## ISSUE

Did the PCR judge err in giving Respondent an additional ninety days' credit for time served on his sentence?

## DISCUSSION

The State argues the PCR judge erred in giving Respondent credit for time served beginning in April 7, 1993. We agree.

When Respondent was served with the arrest warrant for unlawful use of telephone on April 7, 1993, he was still serving a prior sentence. It is clear that persons on supervised furlough are still considered to be serving their sentences. *See* S.C.Code Ann. § 24–13–710 (1977); S.C.Code Ann. § 24–13–720 (1977). In an analogous context, this court has noted that "[a] prisoner upon release on parole continues to serve his sentence outside the prison walls. The word parole is used in contra-distinction to suspended sentence and means a leave of absence from prison during which the prisoner remains in legal custody until the expiration of his sentence." *Sanders v. MacDougall,* 244 S.C. 160, 163, 135 S.E.2d 836, 837 (1964). Because supervised furlough is something received *before* a prisoner receives parole, he certainly is still serving his sentence at that time. *See also Gunter v. State,* 298 S.C. 113, 378 S.E.2d 443 (1989), *overruled on other grounds by Griffin v. State,* 315 S.C. 285, 433 S.E.2d 862 (1993) (furlough programs are internal rehabilitation procedures designed to address the problem of prison overcrowding and are not an integral part of an Inmate's sentencing).

This prior sentence did not end until June 3, 1993. Section 24–13–40 of the South Carolina Code is instructive on the appropriate method of calculating time served by prisoners:

The computation of the time served by prisoners under sentences imposed by the courts of this State shall be reckoned from the date of the imposition of the sentence. But when ... (c) the court shall have designated a specific time for the commencement of the service of the sentence, the computation of the time served shall be reckoned from the date of the commencement of the service of the sentence. In every case in computing the time served by a prisoner, full credit against the sentence shall be given for time served prior to trial and sentencing. *Provided, however, that credit for time served prior to trial and sentencing shall not be given:* ... (2) *when the prisoner is serving a sentence for one offense and is awaiting trial and sentence for a second offense in which case he shall not receive credit for time served prior to trial in a reduction of his sentence for the second offense.*

(emphasis added). Applying this section to the convictions in this case, we find Respondent should have received credit for

time served as follows. On the April 7 warrant, Respondent should have gotten credit for time served beginning June 3, 1993 instead of July 7, 1993, because he completed his prior sentence on June 3 and was in custody on the April 7 warrant from that point on. Therefore, the PCR judge was partly correct and partly incorrect regarding this warrant. On the July 7 warrant, the PCR judge was incorrect in awarding credit for time served prior to July 7, 1993 because Respondent was not charged until that date.

Respondent argues section 24-13-40(c) (quoted above), which allows the court to designate a specific time for commencement of service, gives the PCR judge authority to alter his credit for time served to whatever the PCR judge finds appropriate. We disagree. This section only applies to the trial court's (i.e. *sentencing court's*) ability to set commencement times for service of sentences.

Respondent further argues the PCR judge had authority to change his sentence pursuant to section 17-27-80 of the Post–Conviction Relief statute. This section states in part: "If the [PCR] court finds in favor of the applicant, it shall enter an appropriate order with respect to the conviction or sentence in the former proceedings, and any supplementary orders as to ... correction of sentence." Respondent overlooks the fact that the PCR judge first must find error before this authority is given, and that the PCR judge only has authority to enter "appropriate" orders. The only legal error in the computation of Respondent's sentence which the PCR judge should have corrected was that noted above regarding the April 7 warrant. The PCR judge's going beyond this correction was inappropriate. *See Clark v. State,* 321 S.C. 377, 468 S.E.2d 653 (1996)(rulings of PCR judge will not be upheld where no evidence exists to support them).

## CONCLUSION

We hold the order granting Respondent post-conviction relief should be reversed insomuch as it (1) gives Respondent credit for time served from April 7, 1993 until June 3, 1993 on the April 7 warrant and (2) gives Respondent credit for time served from April 7, 1993 until July 7, 1993 on the July 7 warrant. The order should be affirmed insomuch as it gives

Respondent credit for time served from June 3, 1993 on the April 7 warrant.

**AFFIRMED IN PART; REVERSED IN PART.**

FINNEY, C.J., and MOORE and BURNETT, JJ., concur.

TOAL, J., not participating.