529 S.E.2d 541

Ricky Lee ALLEN, Petitioner,

v.

STATE of South Carolina, Respondent.

No. 25086.

Supreme Court of South Carolina.

Submitted Feb. 16, 2000.
Decided March 13, 2000.

Assistant Appellate Defender M. Anne Pearce, of South Carolina Office of Appellate Defense, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, all of Columbia, and Assistant Attorney General Kevin Patrick Tierney, of Greenville, for respondent.

WALLER, Justice:

We granted a writ of certiorari to review the denial of post-conviction (PCR) relief to petitioner, Ricky Lee Allen. We reverse.

## FACTS

Allen was arrested and incarcerated on June 4, 1996 for two counts of grand larceny and one count of malicious injury to property. He remained in jail for eighteen days (until June 22, 1996), at which time he was released on bond. Allen was re-arrested on separate charges [1] four days later (June 26, 1996), and his bond on the June 4th charges was revoked. He remained in jail until September 12, 1996, when he pled guilty to all five offenses. He filed this application for PCR claiming he had not been given credit on the charges stemming from his June 4th arrest for the time served from June 26, 1996 until September 12, 1996.[2] The PCR court ruled Allen was not entitled to credit for time served on those charges. We disagree.

---

1. The second arrest involved charges of petit larceny and breaking into a motor vehicle.

2. He also claimed his five year sentence for malicious injury to property exceeded the 30 day statutory maximum. The state conceded this issue and Allen was granted relief and the matter is not before the Court.

## DISCUSSION

■ S.C.Code § 24–13–40 (1989) provides:

The computation of the time served by prisoners under sentences imposed by the courts of this State shall be reckoned from the date of the imposition of the sentence.... **In every case in computing the time served by a prisoner, full credit against the sentence shall be given for time served prior to trial and sentencing.** Provided, however, that credit for time served prior to trial and sentencing shall not be given: (1) when the prisoner at the time he was imprisoned prior to trial was an escapee from another penal institution; or (2) **when the prisoner is serving a sentence for one offense and is awaiting trial and sentence for a second offense in which case he shall not receive credit for time served prior to trial** in a reduction of his sentence for the second offense. (Emphasis supplied).

■ Where the terms of a statute are clear, the court must apply those terms according to their literal meaning. *Paschal v. State Election Comm'n*, 317 S.C. 434, 454 S.E.2d 890 (1995). The words of the statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand its scope. *Durham v. United Companies Financial Corp.*, 331 S.C. 600, 503 S.E.2d 465 (1998).

■ Section 23–13–40 mandates a prisoner be given credit for all time served prior to trial unless one of two exceptions exist: 1) either the prisoner was an escapee or 2) the prisoner was already serving a sentence on one offense. Here, neither exception applies as Allen was neither an escapee nor was he serving any sentence at the time of his June 26th arrest.[3] On the contrary, Allen was awaiting trial and sentencing on all offenses from June 26th through Sept. 12th.

---

**3.** *Crooks v. State*, 326 S.C. 171, 485 S.E.2d 374 (1997) involved an inmate on supervised furlough who was served with an arrest warrant and re-incarcerated for another offense while on furlough. We held the inmate was still actively serving a **sentence** on the crime for which he was furloughed such that he was not entitled to credit for time served on the offense charged in the arrest warrant. The present case is clearly inapposite as Allen was under no sentence at the time of his second arrest.

Moreover, Allen's bond was revoked on the first set of charges. He was, therefore, clearly in custody on **all** charges from June 26th through September 12th. *Accord People v. Robinson,* 172 Ill.2d 452, 217 Ill.Dec. 729, 667 N.E.2d 1305 (1996) (defendant released on bond on one charge, then subsequently arrested on another charge; defendant turned himself in on first charge when, as a result of second charge, bond on first charge was increased to degree that defendant could not pay it. Court held defendant was simultaneously in custody on both charges such that he was entitled to credit for time served on both); *Goings v. Missouri Dep't of Corrections,* 6 S.W.3d 906 (Mo.1999) (inmate whose parole was revoked for prior offenses when he was arrested for a subsequent offense was entitled to credit for time served for both prior and current offenses). *See also State v. Eagle Deer,* 1994 WL 162369 (Neb.App.1994) (defendant released on bond on one charge, then subsequently arrested on another charge for which bond is revoked on first charge, is entitled to credit for time served on first charge from time of revocation of his bond).

Under the plain, unambiguous terms of the statute, we find Allen is entitled to credit for the time served on the first set of charges between June 26th and September 12th. The circuit court's order denying PCR is reversed.

**REVERSED.**

FINNEY, C.J., TOAL, MOORE and BURNETT, JJ., concur.