THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Clifton Suber, Appellant.
 
 
 

Appeal From Richland County
 James R. Barber, Circuit Court Judge
Unpublished Opinion No. 2008-UP-680
Submitted November 1, 2008  Filed
 December 9, 2008    
REMANDED

 
 
 
 Appellate Defender M. Celia Robinson, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Assistant Attorney General Christina J. Catoe, and Solicitor Warren Blair
 Giese, all of Columbia; for Respondent.
 
 
 

PER CURIAM: Clifton Suber pled guilty to three counts of uttering
 a fraudulent check of more than $1,000 and one count of bank fraud. The plea
 judge sentenced Suber to ten years on one of the fraudulent check charges; a
 consecutive term of ten years on another, suspended with five years probation;
 and concurrent sentences of ten years suspended during probation on the
 remaining fraudulent check charge and five years suspended during probation on
 the bank fraud charge.  The plea judge further directed Suber would
 receive no credit for time served. Suber appeals, arguing he is entitled to
 credit for time spent in custody awaiting trial and/or sentence.  We
 remand.
II.  FACTS
Suber
 pled to the above Richland County charges on January 30, 2007.  During the
 plea hearing, he informed the judge he had been in jail on these charges for
 about a year.  Defense counsel corrected that Suber was in on a Lexington
 County fraudulent check charge also, but stated the charges were all
 related.  The Lexington County charge resulted in Subers imprisonment
 for a term of one year and six months in the Department of Corrections, which
 he began serving on August 30, 2006.  She explained that prior to August
 30, 2006, Suber had been incarcerated about three months on both the Richland
 and Lexington County charges.  She requested the court consider backdating
 Subers sentence to August 30, 2006, and possibly giving him credit for the
 time prior to that of roughly three months.  The plea judge stated, I
 assume whatever he has done since August he is getting credit for on the
 existing sentence.  Defense counsel confirmed that he was.  The plea
 judge then sentenced Suber as described above and concluded with the statement,
 No credit for time served.  This appeal followed.
III.  LAW/ANALYSIS
On
 appeal, Suber contends the plea judge erred in ruling he would receive no credit
 for time spent in custody awaiting trial and/or sentence.  Specifically,
 Suber asserts it is apparent from the record that he was entitled to credit for
 time spent in custody prior to his commencement of serving the one year and six
 month sentence on August 30, 2006, i.e. about three months.   
Section
 24-13-40 of the South Carolina Code provides, in pertinent part:

 In
 every case in computing the time served by a prisoner, full credit against the
 sentence shall be given for time served prior to trial and
 sentencing.   Provided, however, that credit for time served
 prior to trial and sentencing shall not be given:  (1) when the prisoner
 at the time he was imprisoned prior to trial was an escapee from another penal
 institution; or (2) when the prisoner is serving a sentence for one offense and
 is awaiting trial and sentence for a second offense in which case he shall not
 receive credit for time served prior to trial in a reduction of his sentence
 for the second offense.

S.C. Code Ann. § 24-13-40 (2007)
 (emphasis in original).  Section 23-13-40 mandates a prisoner be given
 credit for all time served prior to trial unless one of two exceptions
 exist:  1) either the prisoner was an escapee or 2) the prisoner was
 already serving a sentence on one offense.  Allen v. State, 339
 S.C. 393, 395, 529 S.E.2d 541, 542 (2000).  The matter of credit for time
 served under this statute is not discretionary with the trial court.  State
 v. McCord, 349 S.C. 477, 487, 562 S.E.2d 689, 694 (Ct. App. 2002).  
Because
 Suber was neither an escapee nor serving any sentence during the approximate
 three-month period he was incarcerated prior to his August 30 imprisonment on
 the Lexington County charge, he is entitled to credit for time served on the
 Richland County charges.  See Allen, 339 S.C. at 395-96, 529
 S.E.2d at 542 (holding where appellant pled to five offenses resulting from two
 separate arrests, he was entitled to credit for time served on first charges
 from time he was re-arrested on second charges and bond was revoked on first
 charges, as he was clearly in custody on all charges from the date of
 re-arrest);  Blakeney v. State, 339 S.C. 86, 88, 529 S.E.2d 9,
 10-11 (2000) (noting our courts have held time served in § 24-13-40 means
 the time during which a defendant is in pre-trial confinement and charged
 with the offense for which he is sentenced (so long as he is not serving time
 for a prior conviction).) (emphasis in original). 
The
 record before us does not contain any evidence of the exact amount of time Suber
 spent in jail awaiting trial and sentencing prior to imposition of his
 Lexington sentence.  Accordingly, we remand for the plea court to
 determine the exact amount of time Suber served on the Richland charges prior
 to commencement of his Lexington sentence.  
REMANDED.[1]
HEARN, C.J., KONDUROS, J., and GOOLSBY, A.J., concur.

[1]  Because oral argument would not aid the court
 in resolving the issues on appeal, we decide this case without oral argument
 pursuant to Rule 215, SCACR.