**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jerry Alan Goode, Appellant.

Appellate Case No. 2011-197007

Appeal From York County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-208
Submitted April 1, 2013 – Filed May 22, 2013

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina J. Catoe, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 24-13-40 (2007) ("In every case in computing the time served by a prisoner, full credit against the sentence shall be given for time

served prior to trial and sentencing. *Provided, however, that credit for time served prior to trial and sentencing shall not be given . . . when the prisoner is serving a sentence for one offense and is awaiting trial and sentence for a second offense in which case he shall not receive credit for time served prior to trial in a reduction of his sentence for the second offense.*" (emphasis added)); *see also Blakeney v. State*, 339 S.C. 86, 89, 529 S.E. 9, 11 (2000) (holding a prisoner serving time in jail awaiting trial and sentencing on an unrelated charge was entitled to credit for time served after a hold was placed on him and a warrant for his arrest was issued); *Crooks v. State*, 326 S.C. 171, 174-75, 485 S.E.2d 374, 375-76 (1997) (holding time served in section 24-13-40 means the time during which a defendant is in pre-trial confinement and charged with the offense for which he is sentenced, as long as he is not serving time for a prior conviction); *State v. Benton*, 338 S.C. 151, 157, 526 S.E.2d 228, 231 (2000) (holding an issue is not preserved for appellate consideration if the appellant concedes the issue in the trial court).

**AFFIRMED.**[1]

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.