**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Kevin J. Daniels, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2014-002613

Appeal From The Administrative Law Court
John D. McLeod, Administrative Law Judge

Unpublished Opinion No. 2016-UP-110
Submitted February 1, 2016 – Filed March 2, 2016

**AFFIRMED**

Kevin J. Daniels, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

**PER CURIAM:** Kevin Daniels appeals the Administrative Law Court's (ALC's) order affirming the South Carolina Department of Corrections' (SCDC's) decision, which denied Daniels's Step 2 grievance and found he was properly credited for time served. On appeal, Daniels argues (1) SCDC unlawfully imposed a suspended sentence upon him without notice and a hearing, (2) he is entitled to 388

days of time served credited to his concurrent sentences, and (3) SCDC's decision was in violation of a constitutional or statutory provision, in excess of statutory authority of the agency, made upon unlawful procedure, clearly erroneous, or an unwarranted exercise of discretion.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the ALC erred in finding Daniels was not entitled to 388 days of time served credited to his concurrent sentences:  S.C. Code Ann. § 24-13-40 (Supp. 2015) ("The computation of time served by prisoners under sentences imposed by the courts of this State must be calculated from the date of the imposition of the sentence."); *id.* ("[I]n computing the time served by a prisoner, full credit against the sentence must be given for time served prior to trial and sentencing . . . ."); *Crooks v. State*, 326 S.C. 171, 174-75, 485 S.E.2d 374, 375-76 (1997) (finding an offender could not receive credit for detention before an offense was charged).

2.  As to Daniels's remaining issues:  *West v. Newberry Elec. Coop.*, 357 S.C. 537, 543, 593 S.E.2d 500, 503 (Ct. App. 2004) (finding an issue neither addressed in the final order nor mentioned in a subsequent Rule 59(e) motion is not preserved for review).

**AFFIRMED.**

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.