529 S.E.2d 9

**Roy Lee BLAKENEY, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 25083.

Supreme Court of South Carolina.

Submitted Jan. 20, 2000.

Decided March 6, 2000.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General J. Benjamin Aplin, of Columbia, for petitioner.

Senior Assistant Appellate Defender Wanda H. Haile, of South Carolina Office of Appellate Defense, of Columbia, for respondent.

BURNETT, Justice:

Respondent was convicted of armed robbery in Beaufort County. After his direct appeal was denied, respondent filed an application for post-conviction relief (PCR). Concluding the Department of Corrections (DOC) did not properly credit respondent for time served while awaiting trial, the PCR judge granted respondent relief and ordered the DOC to credit him with time served from September 1, 1992. The Court granted the State's petition for a writ of certiorari. We affirm.

## FACTS

The relevant facts are undisputed:

1. August 19, 1992—Beaufort County robbery;

2. August 21, 1992—respondent arrested and jailed in Berkeley County on unrelated charges;

3. August 31, 1992—Beaufort County Sheriff's Department places a "hold" on respondent in Berkeley County;

4. September 1, 1992—Beaufort County issues (but does not serve) arrest warrant;

5. Late 1993—Berkeley County dismisses charges against respondent;

6. December 2, 1993—respondent arrested on Beaufort County charge;

7. February 8–9, 1994—trial and sentence.

At the PCR hearing, the DOC representative testified the DOC gives credit for time served after arrest. Accordingly, the DOC gave respondent credit for time served from December 2, 1993.

## ISSUE

Did the PCR judge err by holding respondent should be given credit for time served from September 1, 1992, the

date on which the Beaufort County Sheriff's Department issued a warrant for respondent's arrest?

### DISCUSSION

South Carolina Code Ann. § 24–13–40 (1989) provides:

The computation of the time served by prisoners under sentences imposed by the courts of this State shall be reckoned from the date of the imposition of sentence. . . . *In every case in computing the time served by a prisoner, full credit against the sentence shall be given for **time served** prior to trial and sentencing.*

(Emphasis added).

In *Crooks v. State,* 326 S.C. 171, 485 S.E.2d 374 (1997), the PCR applicant was released from prison on supervised furlough. On April 7, 1993, he was arrested for violation of supervised furlough and a charge of unlawful use of a telephone. He was returned to prison where he completed his original sentence on June 3, 1993. On July 7, 1993, while in jail awaiting disposition of the unlawful use charge, the applicant was served with a second arrest warrant, again for unlawful use of a telephone. The applicant pled guilty to both offenses. The Court held the PCR judge erred 1) by awarding the applicant credit for time served on the April 7th warrant prior to June 3rd because he was serving time on another offense and 2) by awarding credit on the second unlawful use of a telephone charge for time served prior to the July 7th warrant because the applicant had not been charged with that offense until July 7th. In effect, *Crooks* held "time served" in § 24–13–40 means the time during which a defendant is in pre-trial confinement *and* charged with the offense for which he is sentenced (so long as he is not serving time for a prior conviction).

On August 21, 1992, respondent was arrested and taken into custody in Berkeley County on charges unrelated to the Beaufort County robbery. On August 31, 1992, Beaufort County placed a "hold" on respondent. The following day, September 1, 1992, Beaufort County issued an arrest warrant charging respondent with the Beaufort County robbery. As of September 1, 1992, respondent was confined (through the "hold") and charged with the Beaufort County robbery. If

Beaufort County had executed the arrest warrant on September 1, 1992, respondent would have been entitled to bail; if unable to post a bond, he would have been given credit for time served in the Berkeley County jail while awaiting trial on the Beaufort County charge. Beaufort County's decision not to execute the arrest warrant until December 2, 1993, fifteen months later, should not preclude respondent from receiving credit from September 1, 1992. *See Travis v. State,* 724 So.2d 119 (Fla.App. 1 Dist.1998) (at time arrest warrant is transmitted or *issued* to another county and that county incarcerates the defendant on unrelated charges, defendant is deemed to be in custody on the warrants from both counties and therefore entitled to jail credit on concurrent sentencing); *see also People v. Shipp,* 141 Mich.App. 610, 367 N.W.2d 430 (1985) (where defendant was arrested in foreign county on unrelated charges, warrant was issued on current charge, at some point later "hold" was placed on defendant, and warrant was executed thereafter, defendant entitled to credit for time served in jail from time of "hold"). Accordingly, the PCR judge properly ordered the DOC to credit respondent for time served from September 1, 1992.

**AFFIRMED.**

FINNEY, C.J., TOAL, MOORE, and WALLER, JJ., concur.