777 S.E.2d 6

Norman J. HAYES, Petitioner,

v.

STATE of South Carolina, Respondent.

Appellate Case No. 2012–209506.
No. 5335.

Court of Appeals of South Carolina.

Heard May 4, 2015.
Decided July 29, 2015.
Rehearing Denied Oct. 8, 2015.

554

---

Appellate Defender, Laura Ruth Baer, of Columbia, for petitioner.

Attorney General, Alan McCrory Wilson and Assistant Attorney General, Daniel Francis Gourley, II, both of Columbia, for respondent.

SHORT, J.

Norman J. Hayes (Petitioner) appeals from the denial and dismissal of his application for post-conviction relief (PCR), arguing his sentence exceeded the maximum authorized by law because sentencing credit for time served was not properly applied by the South Carolina Department of Corrections (the Department). We reverse.

## I.  BACKGROUND

In 2004, Petitioner pled guilty to possession of crack cocaine and criminal conspiracy.  The trial judge sentenced Petitioner to five years' imprisonment, suspended to time served and three years' probation; ordered Petitioner to pay $225; and credited Petitioner with 240 days of time served.

Petitioner was subsequently charged with various probation violations, and on July 30, 2010, the probation revocation judge revoked his probation and reinstated his five-year suspended sentences.  On rehearing, the probation revocation judge reduced the reinstated sentences to three years and terminated probation, noting Petitioner had previously served 240 days; thus, he would receive credit for the 240 days served.  On September 27, 2011, Petitioner filed his application for PCR, alleging he was being unlawfully detained because the Department did not apply the 240 days to his reduced sentence.

Michael Stobbe, the branch chief of release and records management for the Department, testified at the PCR hearing.  Stobbe stated Petitioner served 240 days of pretrial detention, and when his probation was revoked, the Department subtracted 240 days from five years, "which gave him a total sentence of four years and 125 days and an incarcerative sentence of four years and 125 days."  When asked whether the Department gave Petitioner credit for time served on the three-year sentence, the following colloquy occurred:

A:  Yes, sir, the 240 days was applied to his total sentence. In other words, five years minus the 240 days, which would give him a total sentence of [four] years and 125 days.

Q: Was it applied to the three-year sentence that was modified on February 4th?

A: Yes, sir. The 240 days was applied to the remainder of the original five-year sentence.

Q: But it wasn't credited toward the three years that he was actually serving; is that right?

A: Well, you have a total sentence and an incarcerative sentence. Two hundred forty days, with a command of the English language, couldn't be reduced—could not reduce the three years. So the 240 days reduced his total sentence from five years to four years and 125 days. The 240 days was not subtracted from the three years, no, sir.

Q: But it was subtracted from the five years that he was no longer serving?

A: No. As far as I know, on the Form 9 on both February 4, 2011, and July 30, 2010, the remainder of the original sentence on the Form 9 was never marked out. So he is still held responsible for the total sentence of five years minus the 240 days. That's what his parole date is based on.

Stobbe testified, "[T]he 240 days has got to come off the five years. It can't be subtracted from three years."

The Form 9 was created by the South Carolina Department of Probation, Parole and Pardon Services. The Form 9 includes a charging section, listing the probation conditions the Petitioner is alleged to have violated and the probation revocation judge's findings on the allegations. The second section was prefaced, "Therefore, IT IS ORDERED that:" and followed by numerous sentencing choices. In this case, the judge ordered "the suspended sentence be revoked and the [Petitioner] be required to serve 3 . . . years, the remainder of the original sentence, and/or pay $XX TERMINATE PROBATION." The sentence entitled "Additional Conditions ordered by the Court" included the judge's statement, "CONVERT FINE TO CIVIL JUDGMENT." The third section of the Form 9 included two sentences, which the judge checked as applying in this case.[1] First, "[t]he defendant is given credit for pre-revocation hearing detention time on current

---

1. A third sentence relating to electronic monitoring was also included in this section.

probation violation...." Second, "[t]he defendant has previously served 240 days on this sentence." In parentheses beneath the second sentence, the form reads, "split sentence time and/or prior partial revocation time."

In response to the PCR court's questions, Stobbe admitted if the Form 9 had stated "three years" and "the remainder of the original sentence" language was crossed out, the Department would consider Petitioner's sentence would be three years. Stobbe further stated if "Credit for 240 days time served" had been written in the portion of the Form 9 providing, "Additional Conditions ordered by the Court," the Department would have given Petitioner the credit for 240 days on the three-year sentence. Finally, Stobbe stated if the probation revocation court had omitted the sentence, "The defendant previously served 240 days on this sentence," it "would have sort of put us into the investigative mode" to determine if Petitioner was entitled to time served on his three-year sentence.

Petitioner testified that when he began serving the revoked portion of his sentence, his projected release date was March 2013. He stated when his sentence was reduced to three years, his projected release date became April 2012, including good time credit. Petitioner further stated his projected release date at the time of the PCR hearing was February 18, 2012, which also included earned work credits.

■ In its order dismissing Petitioner's application, the PCR court noted Petitioner's original sentence was a split sentence,[2] the "time served" was Petitioner's pre-sentence detention of 240 days, and "he was given credit for that time by being released directly from sentencing to probation." The PCR court found the probation revocation judge "simply noted that [Petitioner] had previously served 240 days on this sentence, but [the probation court] did not, and should not, have awarded double credit for the 240 days...." The PCR court further found when a court imposes a split sentence, "time served prior to trial should not be used to calculate the amount of time a probationer must serve on a reinstated

---

**2.** "[A] 'true split sentence[ ]' occurs when the judge sentences the defendant to incarceration but suspends a portion of the term." *Franklin v. State,* 545 So.2d 851, 852 (Fla.1989).

sentence, because the pretrial detention time was already awarded to satisfy the time served portion of the split sentence." The court found the Form 9 does not change the fact that Petitioner had already received credit for his time served and the only sentence is the one imposed by the original sentencing judge.[3] The PCR court dismissed Petitioner's application, and this petition for a writ of certiorari followed.

## III. STANDARD OF REVIEW

■ In an action for PCR, an appellate court reviews questions of law *de novo,* and it will reverse the PCR court's decision when it is controlled by an error of law. *Jordan v. State,* 406 S.C. 443, 448, 752 S.E.2d 538, 540 (2013).

## IV. LAW/ANALYSIS

■ Petitioner argues the PCR court erred in dismissing his application because the plain language of the statute explaining how prison time should be calculated requires pretrial detention credit to be awarded to a partially revoked sentence. He argues the Department misapplied the statute, and notes if the Department applied the statute in the same way to a full revocation, the result would be a longer sentence than authorized by law. We agree.

■ The PCR statute allows an inmate to file an application for PCR when he claims his sentence has expired and he is being unlawfully held in custody. S.C.Code Ann. § 17–27–20(5) (2014). Because Petitioner is no longer incarcerated, this issue is moot. However, "an appellate court can take jurisdiction, despite mootness, if the issue raised is capable of repetition but evading review." *Curtis v. State,* 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001). The issue here is capable of repetition but evading review; therefore, we address the merits. *See Nelson v. Ozmint,* 390 S.C. 432, 433–34, 702 S.E.2d 369, 370 (2010) (addressing moot issue of the Department's calculation of the prisoner's sentence as not including good time credits or earned work credits because it was an

---

3. The PCR court took judicial notice that the Form 9 had been modified in recent years, but the section governing split sentences had remained the same for over ten years.

issue that was capable of repetition, yet it would usually evade review).

Section 24–13–40 of the South Carolina Code (Supp. 2014) provides the following:

> The computation of the time served by prisoners under sentences imposed by the courts of this State must be calculated from the date of the imposition of the sentence. However, when . . . (b) the commencement of the service of the sentence follows the revocation of probation, . . . the computation of the time served must be calculated from the date of the commencement of the service of the sentence. In every case in computing the time served by a prisoner, full credit against the sentence must be given for time served prior to trial and sentencing, and may be given for any time spent under monitored house arrest. Provided, however, that credit for time served prior to trial and sentencing shall not be given: (1) when the prisoner at the time he was imprisoned prior to trial was an escapee from another penal institution; or (2) when the prisoner is serving a sentence for one offense and is awaiting trial and sentence for a second offense in which case he shall not receive credit for time served prior to trial in a reduction of his sentence for the second offense.

The requirement that a prisoner receive credit for time served is mandatory. *State v. Boggs*, 388 S.C. 314, 316, 696 S.E.2d 597, 598 (Ct.App.2010). In *Boggs*, the sentencing judge indicated he did not want to give the defendant credit for time served and did not check off the box on the sentencing sheet indicating credit for time served. *Id.* at 316, 696 S.E.2d at 598. The judge acknowledged the defendant was entitled to credit but stated on the record that "when I don't check it off" the Department would not give the defendant the credit, concluding, "I am just telling you how it works in the real world." *Id.* at 315–16, 696 S.E.2d at 598. This court reversed the sentencing judge, finding the statutory credit for time served was mandatory and "[a] judge's disappointment in the maximum sentence he can impose is not one of the exceptions to the mandatory language" in the statute. *Id.* at 316, 696 S.E.2d at 598.

Thus, a prisoner will receive credit for time served unless either (1) they were an escapee or (2) the prisoner was already serving a sentence on a different offense. S.C.Code Ann. § 24–13–40 (Supp.2014). Furthermore, section 24–21–460 of the South Carolina Code provides a court may "revoke the probation or suspension of [a] sentence" and has the discretion "to require the defendant to serve all or a portion only of the sentence imposed." S.C.Code Ann. § 24–21–460 (2007). "Where the terms of a statute are clear, the court must apply those terms according to their literal meaning." *Allen v. State,* 339 S.C. 393, 395, 529 S.E.2d 541, 542 (2000). "The words of the statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand its scope." *Id.*

We find the PCR court erred as a matter of law when it determined a probationer who receives a split sentence should not receive credit for time served prior to trial against a reinstated sentence "because the pretrial detention time was already awarded to satisfy the time served portion of the split sentence." This finding contradicts section 24–13–40, which states the following: "[W]hen ... (b) the commencement of the service of the sentence follows the revocation of probation, ... the computation of the time served shall be reckoned from the date of the commencement of the service of the sentence. In every case ... full credit ... shall be given for time served prior to trial and sentencing." § 24–13–40. The statute does not make a distinction for split sentences; thus, under the plain language of the statute, we find the pre-trial detention time should apply against a probation revocation whenever a probationer receives a split sentence.

## V. CONCLUSION

Based on the foregoing reasons, the decision of the PCR court is

**REVERSED.**

LOCKEMY and McDONALD, JJ., concur.