**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Annetta Grant, Appellant.

Appellate Case No. 2014-002425

―――――――――

Appeal From Kershaw County
James R. Barber, III, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2016-UP-112
Submitted January 1, 2016 – Filed March 2, 2016

―――――――――

**REMANDED**

―――――――――

Appellate Defender Tiffany Lorraine Butler, of
Columbia, for Appellant.

Matthew C. Buchanan, of the South Carolina Department
of Probation, Parole and Pardon Services, of Columbia,
for Respondent.

―――――――――

**PER CURIAM:** Annetta Grant brings this appeal seeking to have 365 days of time served credit, accumulated in Georgia while incarcerated on a South Carolina hold, applied to her sentence of four years' imprisonment. Because of the important constitutional liberty interests implicated by the length of Grant's

incarceration, we remand to the probation revocation court for a determination as to the nature and extent of the Georgia incarceration and the South Carolina hold, and for a determination of whether Grant is entitled to the time served in Georgia. *See Tant v. S.C. Dep't. of Corr.*, 408 S.C. 334, 341, 759 S.E.2d 398, 401 (2014) ("There can be no doubt the length of an inmate's incarceration implicates a constitutional liberty interest."); S.C. Code Ann. § 24-13-40 (Supp. 2015) ("In every case in computing the time served by a prisoner, full credit against the sentence must be given for time served prior to trial and sentencing . . . . Provided, however, that credit for time served prior to trial and sentencing shall not be given: (1) when the prisoner at the time he was imprisoned prior to trial was an escapee from another penal institution; or (2) when the prisoner is serving a sentence for one offense and is awaiting trial and sentence for a second offense in which case he shall not receive credit for time served prior to trial in a reduction of his sentence for the second offense."); *Blakeney v. State*, 339 S.C. 86, 88, 529 S.E.2d 9, 10-11 (2000) ("'[T]ime served' in [section] 24-13-40 means the time during which a defendant is in pre-trial confinement *and* charged with the offense for which he is sentenced (so long as he is not serving time for a prior conviction)."); *State v. Boggs*, 388 S.C. 314, 316, 696 S.E.2d 597, 598 (Ct. App. 2010) ("Because the language of section 24-13-40 is mandatory, a judge cannot deny a defendant credit for time served prior to trial unless one of the two exceptions applies."); *Hayes v. State*, 413 S.C. 553, 559, 777 S.E.2d 6, 10 (Ct. App. 2015) ("The requirement that a prisoner receive credit for time served is mandatory."); *Tant*, 408 S.C. at 346, 759 S.E.2d at 404 (stating the Department of Corrections is confined to an unambiguous sentencing sheet in determining an inmate's sentence).

**REMANDED.**[1]

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.