**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Letron S. Davis, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2014-001631

---

**ON WRIT OF CERTIORARI**

---

Appeal from Marion County
William H. Seals, Jr., Plea Court Judge
Michael G. Nettles, Post-Conviction Relief Judge

Memorandum Opinion No. 2017-MO-004
Submitted December 14, 2016 – Filed March 1, 2017

---

**VACATED**

---

Senior Assistant Deputy Attorney General Johanna
Catalina Valenzuela, of Columbia, for Petitioner.

Appellate Defender Laura Ruth Baer, of Columbia, for
Respondent.

---

**PER CURIAM:** Letron S. Davis pled guilty in 2011 to two counts of distribution of cocaine base, second offense, and one count of non-violent burglary in the second degree.  He was sentenced to seven years in prison.  He applied for post-

conviction relief (PCR). In 2014, the PCR court granted Davis a new trial on the ground plea counsel was ineffective for telling him he would not be required to serve eighty-five percent of his sentence for second offense distribution of cocaine base. We granted the State's petition for a writ of certiorari. We now vacate the PCR court's order.

Prior to 2010, second offense distribution of cocaine base was a "no parole offense." *See* S.C. Code Ann. § 44-53-375(B)(2) (Supp. 2009) (defining second-offense distribution of cocaine base); S.C. Code Ann. § 16-1-90(A) (Supp. 2009) (classifying distribution of cocaine base, second offense, as a Class A felony); S.C. Code Ann. § 24-13-100 (2007) ("[A] 'no parole offense' means a class A, B, or C felony . . . ."). A person convicted of a "no parole offense" is "not eligible for early release, discharge, or community supervision . . . until the inmate has served at least eighty-five percent of the actual term of imprisonment imposed." S.C. Code Ann. § 24-13-150(A) (Supp. 2016). In 2010, however, the legislature adopted the Omnibus Crime Reduction and Sentencing Reform Act of 2010, Act. No. 273, 2010 S.C. Acts 1937, which provided a person convicted of second offense distribution of cocaine base "may have the sentence suspended and probation granted, and is eligible for parole, supervised furlough, community supervision, work release, work credits, education credits, and good conduct credits." S.C. Code Ann. § 44-53-375(B) (Supp. 2016). Despite the change in subsection 44-53-375(B), the Department of Corrections considered Davis's convictions as "no parole offenses."[1]

In *Bolin v. South Carolina Department of Corrections*, 415 S.C. 276, 286, 781 S.E.2d 914, 919 (Ct. App. 2016), the court of appeals held that a second offense crime classified under subsection 44-53-375(B) is no longer a "no parole offense." Under *Bolin*, therefore, plea counsel's advice to Davis was correct. At the time of the PCR court's order, however, the advice appeared incorrect because the Department of Corrections interpreted Davis's sentence as "no parole." Because the underlying premise of the PCR court's order has now been invalidated by *Bolin*, there no longer remains any basis on which to grant Davis a new trial.

The record also indicates Davis has now been released on parole. Though Davis's parole could be revoked, we understand the Department of Corrections is now

---

[1] According to Davis's plea attorney, the Department of Corrections made individuals convicted under subsection 44-53-375(B) "eligible for parole, but if they don't get parole, they're still having to serve 85%."

complying with *Bolin*. Thus, Davis is no longer subject to the eighty-five percent requirement and any decision here would have no practical effect on his confinement. *See Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) (stating a case is moot when "judgment, if rendered, will have no practical legal effect upon [the] existing controversy" (quoting *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973))); *Hayes v. State*, 413 S.C. 553, 558, 777 S.E.2d 6, 9 (Ct. App. 2015) (stating, where petitioner challenged the length of his incarceration, "[b]ecause Petitioner is no longer incarcerated, this issue is moot.").

The order granting Davis PCR is **VACATED.**

**BEATTY, C.J., KITTREDGE, HEARN and FEW, JJ., concur. JAMES, J., not participating.**