THOMAS, J.:
Trey C. Brown appeals the circuit court order amending his sentence for murder and possession of a weapon during the commission of a violent crime and denying his request for additional credit for time served. On appeal, Brown argues the circuit court erred by denying him credit for time served for the entire time period between his arrest date and the date of his guilty plea and sentencing. We reverse.
In 2006, Brown turned himself in to the Aiken County Sheriff's Office for the murder of his father-in-law and was indicted for murder and possession of a weapon during the commission of a violent crime. On August 15, 2007, Dr. Richard Frierson evaluated Brown and found him incompetent to stand trial. As a result, on October 4, 2007, the circuit court ordered Brown to be committed to the South Carolina Department of Mental Health (the Department) for sixty days for competency restoration. In February 2009, the circuit court ordered that Brown be re-evaluated. On March 6, 2009, and April 3, 2009, Dr. Frierson evaluated Brown and found he had a genuine mental illness. Accordingly, the circuit court ordered Brown be committed to the Department for sixty days for competency restoration. After Brown completed his second sixty-day commitment to the Department, Dr. Frierson found Brown was still incompetent and recommended that Brown be civilly committed. Following a hearing, on October 7, 2009, Brown was committed to the *478 Department pursuant to section 44-17-580 of the South Carolina Code (2017). Except for both sixty-day commitment periods, Brown was housed in the county detention center from his arrest until his civil commitment on October 7, 2009. The State dismissed the charges against Brown on October 20, 2009.
In early 2014, the Department began to consider releasing Brown due to his improved condition. As a result, the State re-indicted Brown for murder and possession of a weapon during the commission of a violent crime on February 7, 2014, and requested that Brown be evaluated by Dr. Frierson, who found Brown mentally ill but competent to stand trial. On February 22, 2016, Dr. Frierson evaluated Brown and, again, found him competent to stand trial. Brown remained committed in the Department until the day before he pled guilty. Brown pled guilty on February 29, 2016, and the circuit court sentenced him consecutively to thirty years' imprisonment for murder and five years' imprisonment for possession of a weapon during the commission of a violent crime.
At the sentencing, the circuit court gave Brown credit for time served between his arrest on September 9, 2006, and the State's dismissal of his charges on October 20, 2009, amounting to three years, one month, and eleven days credit for time served. However, the court denied Brown credit for time served for his civil commitment, the time period after the State dismissed his charges. A few days later, the circuit court issued a consent order amending Brown's credit for time served to also include credit for Brown's pre-trial confinement between February 7, 2014, when the State re-indicted Brown, and February 29, 2016, when Brown pled guilty and was sentenced. The circuit court denied Brown time-served credit "during the time of his commitment to [the Department] between October 20, 2009, and the time of his re[-]indictment on February 7, 2014."
"In criminal cases, the appellate court sits to review errors of law only." State v. Halcomb, 382 S.C. 432, 438, 676 S.E.2d 149, 152 (Ct. App. 2009). "When an appeal involves stipulated or undisputed facts, an appellate court is free to review whether the [circuit] court properly applied the law to those facts. In such cases, the appellate court is not required to defer to the [circuit] court's legal conclusions." State v. Sweat , 379 S.C. 367, 373, 665 S.E.2d 645, 649 (Ct. App. 2008) (quoting Nationwide Mut. Ins. Co. v. Prioleau, 359 S.C. 238, 242, 597 S.E.2d 165, 167 (Ct. App. 2004) ).
In every case in computing the time served by a prisoner, full credit against the sentence must be given for time served prior to trial and sentencing .... Provided, however, that credit for time served prior to trial and sentencing shall not be given: (1) when the prisoner at the time he was imprisoned prior to trial was an escapee from another penal institution; or (2) when the prisoner is serving a sentence for one offense and is awaiting trial and sentence for a second offense in which case he shall not receive credit for time served prior to trial in a reduction of his sentence for the second offense.
S.C. Code Ann. § 24-13-40 (2018).
In Blakeney v. State , our supreme court defined time served as used in section 24-13-40 as "the time during which a defendant is in pre-trial confinement and charged with the offense for which he is sentenced (so long as he is not serving time for a prior conviction)." 339 S.C. 86, 88, 529 S.E.2d 9, 10-11 (2000) (emphasis in original). Blakeney was arrested and jailed on August 21, 1992, in Berkeley County for a charge that was unrelated to the one for which he was ultimately convicted. Id. at 87, 529 S.E.2d at 10. On August 31, 1992, the Beaufort County Sheriff's Department placed a hold on Blakeney relating to a robbery that occurred in Beaufort County on August 19, 1992. Id. On September 1, 1992, Beaufort County issued an arrest warrant but did not serve it. Id. Berkeley County dismissed the charges against Blakeney in late 1993. Id. On December 2, 1993, the Beaufort County Sheriff's Department arrested Blakeney on the robbery charge, and Blakeney was subsequently convicted and sentenced. Id. The Department of Corrections (DOC) gave Blakeney credit for time served after his arrest on December 2, 1993. Id. Blakeney filed a post-conviction relief action, and the PCR judge ordered the *479 DOC to give Blakeney credit for time served from September 1, 1992, the date Beaufort County issued the arrest warrant but chose not to serve it. Id. at 88-89, 529 S.E.2d at 11. The supreme court affirmed, finding Blakeney was confined as a result of the hold and charged pursuant to the arrest warrant as of September 2, 1992. Id. The court noted:
If Beaufort County had executed the arrest warrant on September 1, 1992, [Blakeney] would have been entitled to bail; if unable to post a bond, he would have been given credit for time served in the Berkeley County jail while awaiting trial on the Beaufort County charge. Beaufort County's decision not to execute the arrest warrant until December 2, 1993, fifteen months later, should not preclude [Blakeney] from receiving credit from September 1, 1992.
Id.
Although Brown was not technically charged with an offense between October 20, 2009, and February 7, 2014, a finding that Brown is not entitled to time-served credit would conflict with the General Assembly's mandate that prisoners receive credit for all time served. See Hayes v. State , 413 S.C. 553, 559, 777 S.E.2d 6, 10 (Ct. App. 2015) ("The requirement that a prisoner receive credit for time served is mandatory."). The statute demands prisoners receive credit for all time served unless "either (1) they were an escapee or (2) the prisoner was already serving a sentence on a different offense." Id. at 560, 777 S.E.2d at 10. Brown was confined as a result of the prosecution of his original charges. The State chose to dismiss Brown's charges when he was deemed incompetent to stand trial. However, when the State discovered Brown was likely to regain competency, it re-indicted him on the same charges. We find this scenario is similar to Blakeney , where the supreme court held a defendant was entitled to credit for time served even though a county waited to execute an arrest warrant for over a year after they issued it. See Blakeney , 339 S.C. at 87-89, 529 S.E.2d at 10-11. Had the State left the charges pending against Brown, he would have definitely been entitled to credit for the time he was confined to the Department. See id. ("If Beaufort County had executed the arrest warrant on September 1, 1992, [Blakeney] would have been entitled to bail; if unable to post a bond, he would have been given credit for time served in the Berkeley County jail while awaiting trial on the Beaufort County charge. Beaufort County's decision not to execute the arrest warrant until December 2, 1993, fifteen months later, should not preclude [Blakeney] from receiving credit from September 1, 1992."). Denying time-served credit in this scenario would be at odds with the General Assembly's express language in the statute that prisoners receive credit for all time served. Hayes , 413 S.C. at 560, 777 S.E.2d at 10 ("Where the terms of a statute are clear, the court must apply those terms according to their literal meaning." (quoting Allen v. State , 339 S.C. 393, 395, 529 S.E.2d 541, 542 (2000) ) ).
According to the probate court's 2009 order finding Brown incompetent to stand trial, Brown was ordered to be committed to the "forensics unit" at the Department.[1] Thus, for the entire period Brown was committed, he was housed in the secure facility of the forensics division and kept separate from other patients. Further, the probate court's order has a handwritten notation stating, "Should Mr. Brown regain competency, he shall be discharged to the Abbeville County Detention Center, and the Solicitor shall be notified pursuant to state law." According to section 44-23-460 of the South Carolina Code (2018), if the superintendent of a hospital "believes that a person against whom criminal charges are pending no longer requires hospitalization, the court in which criminal charges are pending shall be notified." Although charges were no longer pending against Brown as of October 20, 2009, the State continued to receive information about Brown and was notified, pursuant to the probate court's order, as soon as the Department *480 believed Brown could be released due to his improved condition in early 2014. After the State was notified, it re-indicted Brown for the same charges on February 7, 2014, and requested another competency evaluation. Thus, it is clear from the probate court's order and the subsequent actions of the solicitor that the State intended to prosecute Brown as soon as he regained competency.
Moreover, section 44-23-460(2) of the South Carolina Code (2018) would have barred the prosecution of Brown if he had "been hospitalized for a period of time exceeding the maximum possible period of imprisonment to which the person could have been sentenced if convicted as charged." Thus, if Brown had been committed for longer than the possible sentence for his crime, the State would not have been able to re-indict him. The time-served statute mandates prisoners be given "full credit against the sentence ... for time served prior to trial and sentencing." § 24-13-40 (emphasis added). We find, under the limited and unique facts of this case, Brown is entitled to credit for time served even though there were no charges pending against him. Although the charges were technically dropped, the result was functionally the same as if the charges were still pending against Brown. He was confined before trial as a result of his criminal charges and he pled guilty to those charges when he was later re-indicted. See State v. Higgins , 357 S.C. 382, 384, 593 S.E.2d 180, 182 (Ct. App. 2004) ("Generally, penal statutes are to be construed 'strictly against the State and in favor of the defendant.' " (quoting Williams v. State , 306 S.C. 89, 91, 410 S.E.2d 563, 564 (1991) ) ). During this period of time, Brown was held in a secure facility with other criminal patients and never released from custody. Thus, we hold Brown is entitled to credit for time served for the period of time he was civilly committed but no charges were pending against him. We remand to the circuit court to give Brown credit for time served between October 20, 2009, and February 14, 2014.
REVERSED AND REMANDED.[2]
LOCKEMY, C.J., and GEATHERS, JJ., concur.

According to the Department's website, "Patients in the [G. Weber Bryan Psychiatric Hospital]'s Forensics Division are primarily referred by jails and criminal courts from throughout the state, and are housed separately from patients in the Adult Services Division in a more secure area of the hospital." See Hospital / Program Services Directory , South Carolina Department of Mental Health, https://www.state.sc.us/dmh/dir_facilities.htm#Bryan1 (last visited Feb. 7, 2019).

We decide this case without oral argument pursuant to Rule 215, SCACR.