# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

The State, Appellant,

v.

Jamie Lee Simpson, Respondent.

Appellate Case No. 2016-002210

―――――――――

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

―――――――――

Opinion No. 5706
Heard April 9, 2019 – Filed January 8, 2020

―――――――――

## REVERSED

―――――――――

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., of Columbia, both for Appellant.

Appellate Defender Susan Barber Hackett, of Columbia,
for Respondent.

―――――――――

**MCDONALD, J.:**  The State appealed Jamie Lee Simpson's sentence following
his guilty plea to four counts of second degree sexual exploitation of a minor,
arguing the circuit court erred in permitting home detention in lieu of the minimum
two years' imprisonment mandated by section 16-15-405 of the South Carolina
Code.  We reverse.

**Facts and Procedural History**

On February 19, 2014, Special Investigator Lucinda McKellar of the South Carolina Attorney General's Office conducted an online investigation using file sharing programs to identify individuals distributing child pornography.  McKellar was able to download and receive five files containing child pornography from a user later identified as Simpson.  The videos were explicit and disturbing, containing images of children being forced to perform sexual acts and sexual assaults against children as young as six.

During a second investigation in March 2014, McKellar was again able to download explicit child pornography from Simpson.  After obtaining subscriber information, McKellar identified Simpson's Richland County residence as the location from which the child pornography was being shared.

The Richland County Sheriff's Office executed a search warrant on Simpson's home on January 9, 2015, and seized several computers.  Simpson admitted to police that he searched and downloaded child pornography using a file sharing network.  A forensic examination revealed child pornography or the remnants and artifacts of child pornography on multiple seized devices, with file dates from 2006 through 2014.  The Sheriff's Office arrested Simpson on January 13, 2015, charging him with sexual exploitation of a minor in the second degree.

On November 4, 2015, Dr. Thomas Martin of Martin Psychiatric Services conducted a comprehensive psychosexual evaluation of Simpson, which included a full interview and the review of discovery and investigative reports provided by the State.  Dr. Martin concluded Simpson was not a pedophile, a psychopath, or a sexual predator.  Following the evaluation, Simpson attended group therapy sessions with Dr. Martin twice a month.  According to Dr. Martin, Simpson actively participated in the sessions, showing he was motivated for treatment, and cooperated in Dr. Martin's medication regimen, which included treatment for depression, post-traumatic stress disorder, and other combat-related issues.  Additionally, Dr. Martin opined Simpson is "a very low risk to sexually reoffend."

In January 2016, the Richland County Grand Jury indicted Simpson on four counts of sexual exploitation of a minor in the second degree under section 16-15-405(A) of the South Carolina Code (2015).[1]  Simpson pled guilty to all counts on October 18, 2016.

---

[1] "An individual commits the offense of second degree sexual exploitation of a minor if, knowing the character or content of the material, he . . . distributes, transports, exhibits, receives, sells, purchases, exchanges, or solicits material that

Second degree sexual exploitation of a minor is classified as a violent felony,[2] and § 16-15-405 mandates that upon conviction a person "must be imprisoned not less than two years nor more than ten years. *No part of the minimum sentence may be suspended nor is the individual convicted eligible for parole until he has served the minimum sentence.*" S.C. Code Ann. § 16-15-405(D) (2015) (emphasis added).

At sentencing, Simpson requested to serve the two-year, mandatory minimum sentence on home detention. Simpson argued serving his sentence on home detention would satisfy both the Legislature's penological concerns as well as any community safety concerns. Emphasizing his military service and lack of a prior criminal history, Simpson argued home detention would protect the public and deter future criminal conduct. Additionally, Simpson noted if he were to be incarcerated for more than sixty days, he would lose his military benefits and retirement pay, causing great financial hardship to his family and the likely loss of their home. Concerning his rehabilitation, Simpson argued incarceration "would provide no needed treatment or vocational training" and his "continued access to private counseling and treatment with Dr. Thomas Martin [would] be far more effective to maintain his mental health than the correctional environment of a prison."

After reviewing § 24-13-1530, which addresses home detention programs as an alternative to incarceration, the plea court stated, "based on the testimony that was heard from Dr. Martin, apparently [Simpson] is a low risk [for reoffending]. The question really comes down to the non-violent adult offenders." Acknowledging "[t]his particular crime has been classified as violent under the statute," the circuit court expressed concern as to whether or not the home detention program "is available." However, the court found Simpson "would be a good candidate for home detention" and opined that despite the Legislature's classification of second degree sexual exploitation of a minor as a "violent offense," "it is not [typically] what we consider [a] violent offense."

Over the State's objection, the plea court sentenced Simpson to four years' imprisonment, suspended upon his service of two years' home detention and two

---

contains a visual representation of a minor engaged in sexual activity or appearing in a state of sexually explicit nudity when a reasonable person would infer the purpose is sexual stimulation." § 16-15-405(A).

[2] S.C. Code Ann. § 16-1-60 (Supp. 2019).

years' probation. The court imposed restrictions on the home detention, including restricting Simpson to his residence except for work and medical treatment. The court ordered electronic monitoring and mandatory continued counseling, prohibited Simpson from having access to a personal computer, and required that Simpson register as a sex offender.

**Standard of Review**

"In criminal cases, the appellate court sits to review errors of law only." *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001). A sentence will not be overturned absent an abuse of discretion; an abuse of discretion occurs "when the ruling is based on an error of law or a factual conclusion without evidentiary support." *In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010). "A trial judge has broad discretion in sentencing within statutory limits." *Id.* "A judge must be permitted to consider any and all information that reasonably might bear on the proper sentence for a particular defendant." *Id.*

**Law and Analysis**

## I. Threshold Mootness Question[3]

Simpson argues this case is moot as he has already served the two years of home detention, which he argues is the "imprisonment" portion of his sentence. *See Hayes v. State*, 413 S.C. 553, 558, 777 S.E.2d 6, 9 (Ct. App. 2015) (explaining an individual's completion of a sentence renders an appeal on the propriety of that sentence moot); *McClam v. State*, 386 S.C. 49, 55, 686 S.E.2d 203, 206 (Ct. App. 2009) (dismissing appeal as moot where the State appealed an order releasing an individual after the individual completed the SVP program and was released from confinement); *In the Interest of Kaundra C.*, 318 S.C. 484, 486, 458 S.E.2d 443, 444 (Ct. App. 1995) (holding a juvenile's appeal of her sentence was moot because she had already served the determinate sentence). "However, 'an appellate court can take jurisdiction, despite mootness, if the issue raised is capable of repetition

---

[3] On October 26, 2018, Simpson moved to dismiss this appeal as moot because he had completed his home detention sentence. This court denied Simpson's motion by order dated November 19, 2018. On December 6, 2018, Simpson moved to amend his final briefs to address the mootness question. The court declined to require the parties to amend their briefs, but requested that the parties submit supplemental memoranda addressing mootness.

but evading review.'" *Hayes*, 413 S.C. at 558–59, 777 S.E.2d at 9 (quoting *Curtis*, 345 S.C. at 568, 549 S.E.2d at 596).

The State has argued persuasively that the sentencing question raised here is capable of repetition yet generally evades review in that the suspension of mandatory minimum sentences continues to occur in circuit court, but due to the duration of the home detention or probationary portions of such sentences, the question presented here generally evades review. At oral argument, the State referenced another case involving the suspension of a mandatory minimum sentence to home detention pending in this court as well as our prior unpublished case, *State v. Williams*, No. 2014-001886, 2016 WL 6471974 (S.C. Ct. App. Nov. 2, 2016). Accordingly, while we find the question of Simpson's own sentence moot due to his completion of the determinate home detention portion of the sentence, we find this home detention sentencing issue is capable of repetition yet generally evades review. Thus, we will address the merits. *See Nelson v. Ozmint*, 390 S.C. 432, 433–34, 702 S.E.2d 369, 370 (2010) (addressing moot issue of the Department's calculation of the prisoner's sentence as not including good time credits or earned work credits because it was an issue that was capable of repetition, yet it would usually evade review); *Hayes*, 413 S.C. at 558, 777 S.E.2d at 9 (taking jurisdiction, despite mootness, because the issue raised was capable of repetition but evading review).

## II.    Statutory Considerations

The State argues the circuit court erred in interpreting § 24-13-1530(A) to allow two years of home detention as an alternative to §16-15-405's mandatory minimum term of two-years' imprisonment because the plain language of § 24-13-1530(A) limits its application to "low risk, nonviolent adult and juvenile offenders." We agree.

Section 24-13-1530(A) of the South Carolina Code (2018) provides:

> (A) Notwithstanding another provision of law which requires mandatory incarceration, electronic and nonelectronic home detention programs may be used as an alternative to incarceration for low risk, nonviolent adult and juvenile offenders as selected by the court if there is a home detention program available in the jurisdiction. Applications by offenders for home detention may be made to the court as an alternative to the following correctional programs:

(1) pretrial or preadjudicatory detention;
(2) probation (intensive supervision);
(3) community corrections (diversion);
(4) parole (early release);
(5) work release;
(6) institutional furlough;
(7) jail diversion; or
(8) shock incarceration.

S.C. Code Ann. § 24-13-1530(A). Simpson pled guilty to four counts of sexual exploitation of a minor in the second degree under § 16-15-405. The sentencing provision of § 16-15-405 mandates:

> (D) A person who violates the provisions of this section is guilty of a felony and, upon conviction, must be imprisoned not less than two years nor more than ten years. No part of the minimum sentence may be suspended nor is the individual convicted eligible for parole until he has served the minimum sentence.

Second degree sexual exploitation of a minor is a violent crime. *See* S.C. Code Ann. § 16-1-60 (Supp. 2019) (stating "[f]or purposes of definition under South Carolina law, a violent crime includes the offenses of . . . sexual exploitation of a minor second degree (Section 16-15-405)."

"The cardinal rule of statutory construction is to ascertain and effectuate legislative intent." *State v. Jacobs*, 393 S.C. 584, 587, 713 S.E.2d 621, 622 (2011) (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000)). "As such, a court must abide by the plain meaning of the words of a statute." *Id.* "When interpreting the plain meaning of a statute, courts should not resort to subtle or forced construction to limit or expand the statute's operation." *Id.* "Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Id.* (quoting *Hodges*, 341 S.C. at 85, 533 S.E.2d at 581). "What a legislature says in the text of a statute is considered the best evidence of the legislative intent." *Id.* at 587, 713 S.E.2d at 622–23 (quoting *Hodges*, 341 S.C. at 85, 533 S.E.2d at 581). "Although it is a well-settled principle of statutory construction that penal statutes should be strictly construed against the state and in favor of the defendant, courts must nevertheless interpret a penal statute that is clear and unambiguous according to its literal meaning." *Id.* at 587, 713 S.E.2d at 623.

In accepting the plea, the circuit court expressed its concern that the home detention statute might be inapplicable to Simpson, noting home detention programs are available only to "nonviolent" offenders—and Simpson was pleading to charges statutorily defined as "violent." *Compare* § 16-1-60 (defining violent crimes) *with* S.C. Code Ann. § 16-1-70 (2015) (defining "nonviolent crimes" as "all offenses not specifically enumerated in Section 16-1-60."). By its own terms, § 24-13-1530(A) applies only to "nonviolent" offenders.[4]

We are unable to reconcile that the Legislature would consider the crime of sexual exploitation of a minor in the second degree so serious as to enact a minimum sentence of not less than two years imprisonment—and require that no portion of such minimum sentence may be suspended—with the circuit court's decision to allow Simpson to serve the minimum two-year sentence in the same home where he participated in the file sharing of child pornography. *See State v. Sweat*, 386 S.C. 339, 351, 688 S.E.2d 569, 575 (2010) ("Courts will reject a statutory interpretation which would lead to a result so plainly absurd that it could not have been intended by the Legislature or would defeat the plain legislative intention. A statute should be construed so that no word, clause, sentence, provision, or part shall be rendered surplusage, or superfluous.") (internal citations omitted). We find the only reasonable interpretation of § 24-13-1530 is that the Legislature did not intend a person convicted of a "violent offense" as classified in § 16-1-60 be considered a "nonviolent offender" for purposes of substituting home detention for a mandatory minimum term of imprisonment.[5]

**Conclusion**

---

[4] In an unpublished opinion, *Williams*, *supra*, this court found the plea court abused its discretion in sentencing Williams to one year of house arrest "because the home detention statute does not apply to trafficking in marijuana, ten to one hundred pounds, first offense." *Id.* at *3. Declining to find the matter moot, the panel reversed and remanded for resentencing. *Id.* at *1–2. This court found the plea court erred in interpreting § 24-13-1530 to allow a sentence of house arrest for a violent crime "when the plain language of the statute unambiguously states it only applies to "low risk, nonviolent adult and juvenile offenders." *Id.* at *1.

[5] Moreover, the nature of the material Simpson sought out and viewed—along with the fact that he repeatedly accessed the material over several years—foreclosed any finding that he was a "low risk, nonviolent" offender.

For offenses classified as "violent" under § 16-1-60 of the South Carolina Code, § 24-13-1530 does not authorize the substitution of home detention for a statutory mandatory minimum term of imprisonment.

**REVERSED.**

**LOCKEMY, C.J. and SHORT, J., concur.**