**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gregory Pencille, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2019-001410

———————

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

———————

Unpublished Opinion No. 2022-UP-099
Submitted February 1, 2022 – Filed March 9, 2022

———————

**AFFIRMED**

———————

Gregory Pencille, pro se.

Kensey Evans, of South Carolina Department of
Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Gregory Pencille appeals an order of the administrative law court (ALC) affirming the South Carolina Department of Corrections' decision to deny his grievance concerning the calculation of his sentence. On appeal, Pencille argues the ALC erred by failing to give him additional credit for time served prior to his 2010 conviction. We affirm.

We find substantial evidence supports the ALC's determination that Pencille was not entitled to additional credit for time served because he was serving a sentence for a previous conviction when he was convicted of first-degree criminal sexual conduct in 2010. *See Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In an appeal of the final decision of an administrative agency, the standard of appellate review is whether the AL[C]'s findings are supported by substantial evidence."); S.C. Code Ann. § 24-13-40 (Supp. 2021) (providing prisoners should not be given credit for time served prior to trial when "the prisoner is serving a sentence for one offense and is awaiting trial and sentence for a second offense"); *State v. Boggs*, 388 S.C. 314, 316, 696 S.E.2d 597, 598 (Ct. App. 2010) (interpreting "second offense" as stated in section 24-13-40 to mean "different offense"); *Hayes v. State*, 413 S.C. 553, 560, 777 S.E.2d 6, 10 (Ct. App. 2015) (interpreting section 24-13-40 to entitle a prisoner to credit for time served "unless . . . the prisoner was already serving a sentence on a *different offense*" (emphasis added)); *State v. Brown*, 426 S.C. 63, 67, 824 S.E.2d 476, 479 (Ct. App. 2019) ("[Section 24-13-40] demands prisoners receive credit for all time served unless . . . 'the prisoner was already serving a sentence on a *different offense*.'" (emphasis added) (quoting *Hayes*, 413 S.C. at 560, 777 S.E.2d at 10)).[1]

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We find Pencille abandoned his claim that the ALC invalidated its order by citing an incorrect indictment number. *See* Rule 208(b)(1)(E), SCACR (requiring an appellant's final brief to include "discussion and citations of authority" in support of each issue raised).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.