**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

The State, Respondent,

v.

Derrick Joseph Miles, Appellant.

Appellate Case No. 2019-000958

Appeal From Berkeley County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2022-UP-338
Submitted June 1, 2022 – Filed August 10, 2022

## DISMISSED

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch, Jr., and Assistant Attorney General Jonathan Scott Matthews, all of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:**   In this post-conviction relief (PCR) action, Derrick J. Miles challenges the circuit court's order denying him credit for time for 387 days he spent under global positioning system (GPS) monitored house arrest before he pled guilty. Miles argues the circuit court abused its discretion by assuming the plea court considered but declined to give him credit for time spent under house arrest when it sentenced him pursuant to a negotiated sentence.  We dismiss the petition as moot.

## I.

In 2012, a Berkeley County grand jury indicted Miles for first-degree burglary.  On July 25, 2013, Miles pled guilty to second-degree burglary pursuant to a negotiated plea of fifteen years' imprisonment.  The plea court accepted Miles' negotiated plea, and sentenced Miles to fifteen years with credit for time served in county jail.  About a month before the sentencing, S.C. Code Ann. § 24–13–40 (Supp. 2021) was amended to allow a sentencing court, in its discretion, to award a defendant credit for time served while under GPS monitored house arrest.  Miles' plea counsel never requested credit for or mentioned the 387 days Miles spent under house arrest.

In December 2013, Miles filed an application for PCR, asserting his plea counsel was ineffective for not requesting credit for the time he served while under house arrest.  The PCR court denied Miles' application, finding Miles failed to show plea counsel promised him credit for the time served under house arrest or that he was prejudiced by plea counsel's performance.

Miles then filed a petition for a writ of certiorari.  Our supreme court granted the petition and remanded to the circuit court to determine if Miles should be given credit for time served under house arrest.  *Miles v. State*, No. 2015-001997, 2017 WL 4873347, at *1 (2017).  On remand, the circuit court concluded the record reflected a negotiated sentence, and therefore, it assumed the plea court in its discretion chose not to award Miles credit for the time he spent under house arrest, particularly because the plea negotiation reduced the charge from first-degree burglary, which can carry a life sentence.

We granted Miles' petition for writ of certiorari to review whether the remand court erred by denying Miles' request for time served credit pursuant to § 24–13–40. However, Petitioner's issue is moot as he is no longer in prison and has fully served his sentence.  As such, any decision we could make as to the merits of his case would have no practical legal effect.  *See Hayes v. State*, 413 S.C. 553, 558, 777 S.E.2d 6, 9 (Ct. App. 2015) (explaining an individual's completion of a sentence renders an appeal on the propriety of that sentence moot); *see also Midland Guardian Co. v. Thacker*, 280 S.C. 563, 566, 314 S.E.2d 26, 28 (Ct. App. 1984) ("Before any action

can be maintained, of course, there must exist a 'justiciable controversy.'" (quoting *Dantsler v. Callison*, 227 S.C. 317, 321, 88 S.E.2d 64, 66 (1955))); *Guimarin & Doan, Inc. v. Georgetown Textile & Mfg. Co.*, 249 S.C. 561, 566, 155 S.E.2d 618, 621 (1967) ("A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character."); *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy. This is true when some event occurs making it impossible for [the] reviewing Court to grant effectual relief.").

Nor does Petitioner's issue fall under an exception to the mootness doctrine. The issue here is not whether § 24–13–40 granted the plea court discretion in awarding credit for time served under house arrest (it did), but whether Miles' counsel was ineffective in not asking for the credit on Miles' behalf. No ruling we could issue would have any practical effect on Miles, who has fully served the sentence imposed and pointed to no remaining collateral effect of the sentence he received that gives rise to a justiciable controversy. Miles' claim is therefore not a statutory interpretation question which evades judicial review. *See State v. Simpson*, 429 S.C. 83, 88–89, 837 S.E.2d 669, 672 (Ct. App. 2020) (finding "that the sentencing question raised … [was] capable of repetition yet generally evades review in that the suspension of mandatory minimum sentences continues to occur in circuit court, but due to the duration of the home detention or probationary portions of such sentences, the question presented here generally evades review"); *Hayes v. State*, 413 S.C. 553, 558, 777 S.E.2d 6, 9 (Ct. App. 2015) (taking jurisdiction, despite mootness, because the issue of whether the Department of Probation, Parole and Pardon Services (DPPPS) misapplied the plain language of the statute explaining how prison time should be calculated was capable of repetition but evading review); *Nelson v. Ozmint*, 390 S.C. 432, 433–34, 702 S.E.2d 369, 370 (2010) (addressing moot issue of the DPPPS' calculation of the prisoner's sentence as not including good time credits or earned work credits because it was an issue that was capable of repetition, yet it would usually evade review). Therefore, Petitioner's application for PCR is

**DISMISSED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.