**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Luther Brian Marcus, #218408, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2018-002013

———————

Appeal From the Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

———————

Unpublished Opinion No. 2023-UP-154
Submitted November 1, 2021 – Filed April 19, 2023

———————

**APPEAL DISMISSED**

———————

Luther Brian Marcus, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Luther Brian Marcus appeals the administrative law court's (ALC) order affirming the South Carolina Department of Corrections' (SCDC) calculation of his sentence, arguing he was entitled to additional credit for time served.

On March 16, 2010, the circuit court in Pickens County sentenced Marcus to fifteen years' imprisonment on one count of second-degree burglary. Thereafter, on April 27, 2010, the circuit court in Oconee County sentenced Marcus on three counts of second-degree burglary to fifteen years' imprisonment, suspended to seven years' imprisonment and five years' probation, to run concurrently with the Pickens County sentence. The circuit court credited Marcus 562 days time served and backdated the sentences to begin on November 5, 2008.

Marcus completed his seven-year sentence for one Oconee County charge on October 12, 2012, and the remaining Oconee charges on December 14, 2012. However, he remained incarcerated because he had not yet completed his Pickens County sentence.

On September 30, 2016, SCDC released Marcus upon the completion of his fifteen-year sentence for the Pickens County burglary, and he began probation. Marcus was subsequently arrested for indecent exposure on December 15, 2016, and taken into custody at the Pickens County Detention Center. On December 12, 2017, Marcus pled guilty to the indecent exposure charge; the circuit court sentenced him to three years' imprisonment and ordered him to serve the remaining eight years on his Oconee burglary sentences for violating probation. Marcus was transferred to SCDC on December 14, 2017.

Marcus now argues he is entitled to credit for time served for four different time periods: (1) the time between the completion of his Oconee County sentences in 2012 and the completion of his Pickens County sentence in 2016; (2) the time he was on probation between September 30, 2016, and December 15, 2016; (3) the time he was jailed between December 15, 2016, when he was arrested for indecent exposure, and May 26, 2017, when he was served with a warrant for violating probation; and (4) the 562 days originally awarded by the circuit court on the Oconee County sentencings.

1. Marcus's projected completion date was July 14, 2021, and an inmate search on SCDC's website confirmed Marcus is no longer in SCDC custody. Therefore, we dismiss this appeal as moot pursuant to Rule 220(b), SCACR and the following authorities: *Hayes v. State*, 413 S.C. 553, 558, 777 S.E.2d 6, 9 (Ct. App. 2015) (explaining that because the petitioner was no longer incarcerated, the question of whether he was being unlawfully held in custody was moot); *Sloan v. Greenville County*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy capable of specific relief exists. A

case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy." (citation omitted)).

2. In any event, the ALC did not err in affirming SCDC's calculation of Marcus's sentence. Section 24-13-40 of the South Carolina Code (Supp. 2022) allows credit for time served on a sentence for violating probation only for time served "from the date of the commencement of the service of the sentence." While Marcus was serving the remainder of his Pickens County sentence, he had not yet been charged with (or sentenced for) violating the Oconee probation. Therefore, he is not entitled to credit for this time against the probation violation sentence. For the same reason, Marcus was not entitled to credit for his time on probation toward his eight-year incarceration because his revocation of probation is distinct from that initial sentence. Further, as to the Oconee sentence, Marcus is not entitled to time served from December 15, 2016, when he was arrested for indecent exposure, through May 26, 2017, when he was served with his probation violation warrant, because he was detained only for indecent exposure during that time. He would, however, be able to credit that pre-trial detention time against the indecent exposure sentence were he still incarcerated. *See Blakeney v. State*, 339 S.C. 86, 88, 529 S.E.2d at 9, 10–11 (2000) ("'[T]ime served' in § 24-13-40 means the time during which a defendant is in pre-trial confinement *and charged with the offense for which he is sentenced* (so long as he is not serving time for a prior conviction) (emphasis added)))." Finally, Marcus was already credited with 562 days toward his initial incarceration period because the circuit court backdated his sentences 562 days from April 27, 2010 to October 12, 2008. Thus, he was not entitled to re-credit those 562 days toward his sentence on the probation violation.

**DISMISSED.**[1]

**WILLIAMS, C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.